## The County of Wayne v. Henry Miller.

*Construction of statute : Title to land under Comp. L., §§ 1344-1353.* Whether the title designed to be vested in a county by the act of 1839 (*Comp. L., 1871, §§ 1344-1353*) for recording town plats, be a fee simple, or only a conditional fee, or possibly a perpetual easement merely, is not very clear, but the purpose is nevertheless manifest to vest in the county such a title as would enable the public authorities to devote the lands to all the public uses contemplated in making the plan, and charge them with corresponding obligations when the title should vest. No title in the nature of private ownership was meant to be given by it. ·

*Town plats : Vesting of title to land thereunder : Acceptance.* Whether a plat of land for public uses, made under the act of 1839 (*Comp. L., 1871, §§ 1344-1353*), is to be regarded as a grant, or as an offer to dedicate, or partakes of the nature of both, some action by competent public authority, by way of acceptance, is necessary before it can have the intended effect of making public highways of the streets-laid out upon it.

*Streets : Dedication of land : Acceptance.* If an offer to dedicate land to public uses is not accepted before any considerable lapse of time, it must be presumed to be withdrawn, unless the circumstances make it a continuous offer.

*Grant of land : Acceptance : Presumptions : Ways.* A grant of land must be accepted before it can take effect, and although acceptance may be presumed when the grant, is beneficial, there can be no conclusive presumption that a grant of land for a public way is so. It may be a burden rather than a benefit.

*Ways : Acceptance in part of grant of land.* Partial acceptance of an offered grant of land for the purposes of a public street, will, with the consent or acquiescence of the donor, establish the street to the extent of public occupation, but no further.

*Presumption of withdrawal of unaccepted offer of land.* An unaccepted offer of land for public uses, unless there are facts equivalent to a continuous renewal of the offer, cannot be considered open after the lapse of time enough to·bar all actions for the recovery of lands under the statute of limitations.

*Heard April 9. Decided April 13.*

Error to Superior Court of Detroit.

*J. G. Hawley, F. A. Baker* and *D. C. Holbrook*, for plaintiff in error.

*G. V. N. Lothrop*, for defendant in error.

COOLEY, J.

This is an action of ejectment to recover a strip of land lying on Jefferson avenue in the city of Detroit, and which the plaintiff claims as a part of that avenue. The strip

is from fourteen to sixteen feet in width, and constitutes the front of premises occupied by defendant, the remainder of which is conceded to be his property. Jefferson avenue was laid out at this point by the Michigan state bank, by a plat dated June 2, 1846, made under the act for the recording of town plats, approved April 19, 1839 (*1 Comp. L. 1871, p. 467*). That act provided that a plat executed in accordance with its provisions should "vest the fee of such parcels of land as are therein expressed, named or intended for public uses, in the county" in which such lands should lie. It is conceded, however, that the acknowledgment of this plat was defective, and plaintiff relies upon the curative act of 1850 (*1 Comp. L., p. 472*), which undertakes to make good all such defective plats where the proprietors have subsequently, by deeds duly acknowledged, referred to and recognized them. Evidence was given of such subsequent conveyances by the bank in this case.

The foregoing statement of facts may be said to constitute the whole case of the plaintiff. The county relied upon the plat as a conveyance, and attempted no other showing than that which related to the plat and to the defendant's occupancy of a portion of what appears as Jefferson avenue thereon. Incidentally it appeared from plaintiff's evidence that defendant has been in possession since 1851, having purchased of a person whose enclosure extended at least as far into what is claimed as the avenue as that of the defendant has ever since. The judge of the superior court instructed the jury that the title to the land in question never vested in the plaintiff under the plat in question. This charge must be construed in view of the facts in evidence, and if correct in the absence of further evidence, the judgment for the defendant must be affirmed.

It is not very clear what sort of title the act of 1839 designed to vest in the county; whether a fee simple, or only a conditional fee, or possibly a perpetual easement. There are some questions which suggest themselves here which we should be quite indisposed to encounter until it

should become absolutely essential. Unquestionably the purpose was to vest in the county such a title as would enable the public authorities to devote the lands to all the public uses contemplated in making the plan, and to charge them with corresponding obligations when the title should vest. It is very clear that no purpose existed to give a title in the nature of a private ownership. This is all we deem it necessary to say on this point in the present case, and further questions must be dealt with when they arise.

It concerns the parties in this case, however, to know when it is that the peculiar fee the statute contemplates actually vests in the county. The plaintiff assumes that this takes place immediately a plat duly executed is properly recorded. As the execution and recording of the plat is wholly a private matter, subject to no public supervision whatever, this view would enable proprietors of lands to lay out so many streets and avenues as they might see fit, and wherever their private interests should determine; and whether the streets were desired by the public or not, the private ownership would be displaced. Either one of two consequences must then follow: the public must be under some obligations to treat the land as constituting a street, and be subject to such liabilities as that fact would impose, or the land must remain waste property, in the hands of an owner who cannot use it for the purposes of profit, and who at the same time refuses to put it to the purposes contemplated in making the plat.

Without venturing to express any definite opinion whether such a plat should be regarded as a grant or as a mere offer to dedicate, it is very clear to our minds that it is one or the other, or perhaps partakes of the nature of both, and that some action by competent public authority is essential before it can have the intended effect. If the plat is only an offer to dedicate, the offer must be accepted or it may be withdrawn; and after any considerable lapse of time must be regarded as no longer open for acceptance, unless the circumstances are such as to make the offer

31 MICH.—57.

continuous.    On this subject our own decisions have been full and explicit.—*People v. Jones, 6 Mich., 176; Lee v. Lake, 14 Mich., 12; Baker v. Johnston, 21 Mich., 319.*

But if the plat is regarded as a grant it is equally necessary that there should be acceptance.   No one can thrust a grant upon. another without his assent.—*Thompson v. Leach, 2 Ventris, 198; Jackson v. Goodell, 20 Johns., 187; Hurst v. McNeil, 1 Wash. C. C., 70.*   It is true, acceptance of a grant may be presumed when it is beneficial,— *Tompkins v. Wheeler, 16 Pet., 118; Maynard v. Maynard, 10 Mass., 456; Church v. Gilman, 15 Wend., 661, 663; Peavey v. Tilton, 18 N. H., 151; Townson v. Tickell, 3 B. & Ald., 36;* but there can be no conclusive presumption that a grant of land for a public way is so.   We may almost take judicial notice that an offer of land for such a purpose is often—and very properly—declined, for the reason that no such way as the one proposed is needed, and by the acceptance the public would be burdened with obligations without corresponding benefits.

There is evidence from which it may be presumed that the public accepted a portion of what was offered to them for this avenue, and took possession of and used it, while suffering private persons to exclude the public from the remainder.   The right to make such a partial acceptance without the consent or acquiescence of the donor need not be considered here, as with such consent or acquiescence there could be no doubt a street would become established to the extent of public occupation.   As to the remainder, the case is one of an offer to make to the public a dedication or grant of lands which for more than twenty years the public has neglected to accept.   After what length of time such an offer must be regarded as withdrawn, circumstances may perhaps determine, but unless there were facts equivalent to a continuous renewal of the offer, it cannot be considered open after the lapse of a period of time sufficient to bar all actions for the recovery of lands under the statute of limitations.   After such a lapse of

time the dedication to public uses must be regarded as confined to the bounds within which the action of the public with the presumed acquiescence of the donor has practically limited it.

Other questions which were discussed in the case become immaterial. The judgment must be affirmed, with costs.

GRAVES, CH. J. and CAMPBELL, J., concurred.