## *In re* VACATION OF CARA AVENUE.

1. DEDICATION—ACCEPTANCE—EVIDENCE.

There was an acceptance by public authorities of dedication of entire avenue, here sought to be vacated in part, where it is undisputed that approved and recorded plat contained a formal dedication of the property to the use of the public, which offer to dedicate or grant has not been withdrawn specifically nor by a user by the grantors adverse to the proposed public use, the entire road was taken over by the board of county road commissioners by formal resolution pursuant to then-existing statute and other parts of the street have been graveled and paved by the county (CL 1948, §§ 247.2, 560.50).

2. SAME—CONTINUANCE OF OFFER—TIME.

A dedication of land for public use that is not followed by formal acceptance within a reasonable time continues thereafter unless the original proprietors, or their assignees take steps to withdraw the offer, the matter of what constitutes a reasonable time being governed by the circumstances.

3. HIGHWAYS AND STREETS—TITLE—ADVERSE POSSESSION.

The title to public roads may not be acquired by adverse possession (CL 1948, § 609.1).

4. SAME—ACCEPTANCE—INTENT—EVIDENCE.

It is not essential that every part of a highway should be worked in order to evidence the intention of the public authorities to accept and maintain the entire highway.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  16 Am Jur, Dedication §§ 30, 33, 34.
[2]  16 Am Jur, Dedication §§ 39, 40, 41.
[3]  1 Am Jur, Adverse Possession § 106.
[4]  16 Am Jur, Dedication § 42.
[5]  16 Am Jur, Dedication § 41.
[7, 8]  25 Am Jur, Highways § 117 *et seq.*

5. Dedication—Acceptance—Continuance.

The offer to dedicate a street in its entirety, even if not considered as accepted by the public authorities by their approval of the plat containing the dedication, continued until there was a formal acceptance of the street by the county when the counties formally took over all public roads into the county road systems pursuant to then-existing statute (CL 1948, § 247.2).

6. Navigable Waters—Access—Highways.

Public access to a navigable body of water is provided where a public highway ends at the water.

7. Highways and Streets—Public Access to Navigable Lake— Vacation—Reasonable Objection.

The testimony of representatives of the State conservation department, county board of road commissioners and township fire department as to the value to the public right of access to lake afforded by end of public highway sought to be vacated constituted "reasonable objection" as is required by the plat act to prevent such vacation (CL 1948, § 560.62).

8. Same—Vacation—Reasonable Objection.

The fact that an increased public use of a way of access to a navigable lake may to some degree disturb the peace and solitude of lake lot dwellers would not justify a holding, under record presented, that there was "no reasonable objection" to making a vacation of the street in such a manner as to eliminate such public access to the lake, where there was ample testimony as to the value of the access to the public (CL 1948, § 560.62).

9. Costs—Public Question—Vacation of Highway.

No costs are allowed in suit to vacate portion of avenue whereby public had access to navigable lake, a public question being involved.

Appeal from Cass; Mosier (Carl D.), J. Submitted October 18, 1957. (Docket No. 29, Calendar No. 46,953.) Decided November 26, 1957.

Petition by 9 adjacent property owners to vacate portion of Cara avenue leading to resort lake and to have area declared park subject to limited use by lot owners in subdivision. Objections filed by Cass County Board of Road Commissioners. Thomas M.

Kavanagh, as Attorney General, intervened. Decree for plaintiffs. Objector and intervenor appeal. Reversed.

*Glenn F. Squires,* for petitioners.

*Carroll B. Jones,* for Cass County Road Commission.

*Thomas M. Kavanagh,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Nicholas V. Olds,* Assistant Attorney General, for intervenor.

EDWARDS, J. It appears that as the Water Wonderland acquires more population it also acquires more litigation over water rights.

This is a dispute over public rights to the use of the stub end of a certain Cara avenue where it ends at the shore of beautiful Diamond lake in Cass county. The adjacent lake lot owners of the Sandy Beach subdivision petitioned in chancery for the vacating of this portion of Cara avenue and to have it declared a private park for the use of the subdivision dwellers only. The county road commissioners objected and here appeal from a circuit court decree favorable to petitioners.

This case is a close parallel to *Rice* v. *Clare County Road Commission,* 346 Mich 658. We believe that the legal principles which compelled a decision therein in favor of the public authorities are likewise applicable here.

Cara avenue was first dedicated to the public by 21 proprietors by the filing and recording on October 25, 1909, of the revised plat of Sandy Beach. The dedication recited, "the streets and alleys as shown on said plat are hereby dedicated to the use of the public." The plat was previously approved by the township board of Penn township on October 2, 1909.

Cara avenue as laid out on the 1909 plat (and as it exists in fact, according to the testimony) runs.1,000 feet, generally east and west, just to the north of the tier of lake lots fronting the north shore of Diamond lake. The east end of Cara runs off the plat to connect to a public highway. The west end of Cara avenue turns south, widens out, and ends at the lake where it has a frontage of 137 feet. About 200 feet from the west end of Cara, it is intersected by another street, Railroad street, which does not cross it. It is the portion of Cara west of Railroad street which is the subject of this dispute.

It appears that public use of the roads in the Sandy Beach subdivision preceded the actual platting and dedication; and at least by 1919 Railroad street and Cara avenue from Railroad east were graveled.

By formal resolution of the Cass county board of road commissioners, dated March 26, 1937, the county, under the McNitt act (CL 1948, § 247.2 [Stat Ann § 9.142]),* took over the roads in the Sandy Beach plat, including the west end or disputed portion of Cara avenue. In 1938 a planning survey team of the State highway department showed all of Cara avenue as an actual street, and subsequently each year the county has received road tax money from the State therefor.

In 1939 the county paved Railroad street and Cara avenue east of Railroad. The only county work done west of Railroad on Cara avenue appears to have been to place some gravel thereon on the portion close to Railroad street, and on 1 occasion to snowplow it.

The principal issue of fact at the hearing below pertained to the extent and kind of public use of the west end of Cara avenue.

* Repealed by PA 1951, No 51.

The circuit judge, in a memorandum filed after hearing, recited the facts pertaining to the disputed area upon which petitioners rely:

"The petitioners claim that they, or some of them, have, for a period of over 50 years, occupied and used that portion of Cara avenue described, and have improved the land by planting shrubs, trees and flowers and a hedge, and have kept the lawns mowed, and claim that there has been no use or occasion for use of any traffic over this parcel of land except as use has been made of it by the lot owners in the nature of a park, and seats and benches have been provided. Brush and fallen trees and other debris have been removed, and the place kept clean and sanitary.  *  *  *

"Marjorie Stapleton testified that she was born in 1893 and has known this property as long as she could remember. Her parents owned the property before her, and the house which stands on lot No. 25 is known as Idlewile; that she has lived in this house practically every year, and for 6 months in each year. She testified to the manner in which she and some of the other lot owners have kept the ground up, cleaning out brush and trees, planted flower beds and shrubs, mowed the lawns, and taken such care of it as one might take of a front lawn or a park. She spoke of the large trees, and photographs introduced in evidence, together with a sketch map prepared by a surveyor, shows large trees—beach, elm, maple and oak—in the area. The sketch map shows trees with the diameters of 18, 22, 24, 25 and 27 inches. These trees practically cover the entire area."

While the facts recited above are essentially undisputed, there is also testimony in the record to indicate: (1) that before the dedication of the roads, this area was used by "surrey parties" for access to a steamboat which ran to the island in Diamond lake; (2) that the disputed area had been used periodically

by the public for access to the lake for swimming or fishing since the dedication; (3) that other lot owners in the Sandy Beach subdivision had always used it for these purposes and understood that the vacation sought would not interfere with their continuing to do so.

In opposing the petition to vacate, defendant presented testimony of several witnesses designed to show "reasonable objection" to the petition. A representative of the board of county road commissioners indicated plans to put more gravel on the stub end of Cara avenue to improve public access to the lake and the board objected to the vacating on behalf of the general public. A nearby landowner objected to the vacating, on the grounds that access to Diamond lake over Cara avenue would be valuable to her proposed subdivision.

The circuit judge found that there had been no acceptance by the public of the 1909 "offer to dedicate" the west end of Cara avenue and that the offer should be treated as having been withdrawn prior to 1937, and, hence, was not integrated in the county road system by the formal resolution of acceptance of the county road commissioners.

We will summarize the legal problems presented under 2 questions:

(1) As of the date of commencement of this proceeding, had there been a valid acceptance of the west end of Cara avenue?

(2) In the event of an affirmative answer to the question above, did defendant present "reasonable objection" within the meaning of CL 1948, § 560.62 (Stat Ann 1953 Rev § 26.492), to the vacating of the west end of Cara avenue?

As to the first of these questions, this record discloses these relevant and undisputed facts:

(1) There was a formal dedication of the subject property "to the use of the public" on August 16, 1909;

(2) The plat containing the dedication was approved by the Penn township board on October 2, 1909, and recorded October 25, 1909;

(3) There is no specific withdrawal of the offer to dedicate by the original grantors shown in this record at any time; nor is there any evidence of withdrawal by use by the grantors adverse to the proposed public use;

(4) On March 26, 1937, the board of county road commissioners took over the subject area as a public road by formal resolution;

(5) By 1919 the main portion of Cara, not including the disputed area, had been graveled, and in 1939 it was paved by the county.

In our view, these facts alone warrant the conclusion that the original dedication of Cara avenue, whether it be viewed as an offer to dedicate or a grant (see Justice COOLEY, in *County of Wayne* v. *Miller,* 31 Mich 447), was accepted by the public authorities. The recording and approval of the plat containing the dedication gives substance to this conclusion. The Michigan plat act says, in part:

"The plat so made and recorded in compliance with the provisions of this act shall be deemed a sufficient conveyance to vest the fee of such parcels of land as may be herein designated for public use in the municipality within the limits of which the land platted is included, in trust to and for the uses and purposes therein designated and for no other use or purpose whatever." CL 1948, § 560.50 (Stat Ann 1953 Rev § 26.480).

Michigan case law generally holds that where dedication is not followed by formal acceptance within a reasonable time, nonetheless what constitutes such

a reasonable time is governed by the circumstances, and so long as the original proprietors, or their assignees, take no steps to withdraw the offer, it is held to be continuing. *Baker* v. *Roscommon County Road Commission*, 329 Mich 671; *In re Petition of Bryant*, 323 Mich 424.

The circuit judge below relied strongly upon Justice COOLEY's opinion in *County of Wayne* v. *Miller, supra.* In that case, acknowledgment of the dedicating plat was defective. It also appears that the disputed area in that case had been enclosed and occupied by the defendant and his predecessors for over 20 years prior to suit by plaintiff. It also appears that this case was decided before there was a statutory bar to the acquisition of title to public roads by adverse possession. See CL 1948, § 609.1 (Stat Ann § 27.593).

We do not believe that *County of Wayne* v. *Miller* governs our decision on the instant record. Here, there was proper plat approval. There was no fencing in or building on the area or occupancy adverse to the dedicated public use. And, of course, the prohibition upon acquisition of title to public roads by adverse possession is effective.

Indeed, the record in this case supports the words previously employed by this Court in a somewhat similar situation:

"There is no testimony sufficient to sustain the conclusion that any rights in the dedicated streets were abandoned. * * * Over a period of years the public authorities have exercised control and expended money in the care of these streets, to some extent including the stub ends which plaintiffs claim were abandoned. There is abundant authority to justify the conclusion that such activities on the part of the public were an acceptance of the plat.

" 'It is not essential that every part of a highway should be worked in order to evidence the intention

of the public authorities to accept and maintain the entire highway.' *Neal* v. *Gilmore,* 141 Mich 519, 527." *Olsen* v. *Village of Grand Beach,* 282 Mich 364, 371, 372.

We believe that even if the approval of the plat is held not conclusive, the offer to dedicate the west end of Cara avenue must be held to have been a continuing one up to formal acceptance by the county in 1937. *In re Petition of Bryant, supra; Olsen* v. *Village of Grand Beach, supra; Rice* v. *Clare County Road Commission, supra.*

Our last question as to whether or not "reasonable objection" was made to the petition to vacate seems to us a simpler matter.

The statute which we here interpret provides:

"The hearing of a petition may be continued from term to term in the discretion of the court, without further notice, and on the hearing thereof any person owning any land immediately adjoining that part which it is proposed to alter or vacate, correct or revise, may appear in opposition to the petition; and if upon the hearing the applicant shall produce to the court satisfactory evidence that the notice required by the preceding section of this act has been given, and that there is no reasonable objection to making such alteration or vacation, correction or revision, the court shall proceed to alter or vacate, correct or revise, the plat or part thereof." CL 1948, § 560.62 (Stat Ann 1953 Rev § 26.492).

Where a public highway, such as this one, ends at a navigable body of water, public access to said body of water is provided. *Backus* v. *City of Detroit,* 49 Mich 110 (43 Am Rep 447).

Representatives of the conservation department of the State of Michigan, of the board of road commissioners of Cass county, and of the Penn township fire department, all testified to the value to the public of this right of access to the lake. The record

contains no evidence to the contrary. There seems to us "reasonable objection" within the meaning of the act. *In re Spears,* 227 Mich 525.

There is no doubt that as public demand for access to lakes increases, the travel of the public on such public ways as Cara avenue may to some degree disturb the peace and solitude of the lake lot dwellers. This fact does not, however, justify our holding that petitioners here showed on this record "satisfactory evidence * * * that there is no reasonable objection to making such * * * vacation."

The decree of the circuit court is reversed and vacated, with instructions to dismiss the petition. No costs, a public question being involved.

DETHMERS, C. J., and SHARPE, SMITH, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.