## ACKERMAN *v.* SPRING LAKE TOWNSHIP.

1. HIGHWAY—DEDICATION—ACCEPTANCE—CONTINUING OFFER.

   Dedication of lands for highways in a plat constitutes a continuing offer, and so long as the original proprietors, or the assignees, take no steps to withdraw the offer, the dedication may be followed by a formal acceptance within a reasonable time, which is governed by circumstances.

2. SAME—ACCEPTANCE—REASONABLE TIME.

   Formal acceptance by board of county road commissioners of platted roadways 26 years after the recording of the plat *held,* not to be prevented by passage of time alone where there were no circumstances indicating a withdrawal of the offer of dedication by acts of the platters or their assignees inconsistent with the proposed public use.

3. SAME—DEDICATION—ACCEPTANCE.

   It is not essential that every part of a highway be worked in order to evidence the intention of the public authorities to accept and maintain the entire highway.

4. SAME—ACCEPTANCE—UNIMPROVED LAND.

   Formal acceptance by board of county road commissioners of platted highways 26 years after recording of plat *held,* not to apply only to those portions of platted highways which had been improved, but to include also stub ends of highways which had not been improved during the 26 years.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication § 23 *et seq.*
[2] 23 Am Jur 2d, Dedication §§ 43, 49.
[3] 23 Am Jur 2d, Dedication §§ 50, 51.
[4] 23 Am Jur 2d, Dedication § 46 *et seq.*
[5] 23 Am Jur 2d, Dedication § 66 *et seq.*

5. SAME—ABANDONMENT—BURDEN OF PROOF.

Proof of abandonment of a public highway after acceptance as part of the county highway system by the board of county road commissioners must be borne by the party asserting abandonment.

Appeal from Ottawa, Smith (Raymond L.), J. Submitted Division 3 December 6, 1967, at Grand Rapids. (Docket No. 3,155.) Decided July 25, 1968. Rehearing denied September 30, 1968.

Complaint by Merle Ackerman and Robert C. C. Heaney against Spring Lake Township, Ottawa County, for injunction to prevent the opening of certain parts of platted streets as part of the public highway system. Complaint dismissed. Plaintiffs appeal. Affirmed.

*James W. Bussard,* and *McCobb & Heaney,* for plaintiffs.

*Scholten & Fant,* for defendant.

J. H. GILLIS, J. This case is a companion to *Vander Meer* v. *Ottawa County* (1968), 12 Mich App 494, *ante,* and the references to the factual geographic setting may be found in that case.

The area and roadways in question were platted in 1914. Lake Beach drive is indicated as a roadway running in an east-west direction along Spring Lake separated from the water only by a number of small boat lots. Ottawa and Blandford avenues are platted roadways running in a north-south direction intersecting Lake Beach drive at their northern ends and Margaret avenue to the south. Ottawa and Blandford avenues are both one block long with no other streets intersecting between Lake Beach drive and Margaret avenue. Ottawa avenue is platted at

an overall length of 270 feet and Blandford avenue
at a length of 374.42 feet.

In *Vander Meer,* as in the instant case, the dispute
arises from an attempt by the owners of some of the
large residential lots in the vicinity to vacate various
portions of the platted roadways and to use them for
private purposes. Petitioners in *Vander Meer*
sought to have vacated the portion of Lake Beach
drive from Franklin avenue on the west, past Ottawa
avenue up to Blandford avenue on the east. We
there held that objections by the boat lot owners
who use Lake Beach drive for access to their lots
were reasonable objections which would defeat the
vacation even though no public dedication or accept-
ance of the plat was made.

In the present case plaintiffs seek to preserve the
unimproved character of the northern "stub ends"
of Ottawa and Blandford avenues. Plaintiffs claim
that the county has not formally accepted these
"ends" of the streets and has not undertaken to
improve the northerly 65.8 feet of Ottawa avenue
and the northerly 79.42 feet of Blandford avenue.
The balance of both streets has admittedly been
improved and made part of the public highway
system. Both "stub ends" in question were unim-
proved and had not been maintained by the public
authorities as of the time this present lawsuit was
instituted.

Suit was brought in June, 1964, to enjoin defend-
ant township from grading and opening the "stub
ends" of Ottawa and Blandford avenues. After a
trial on the merits the trial court dismissed the com-
plaint and denied an injunction pending appeal to
this Court. On March 3, 1967 this Court likewise
denied a motion for continuation of the temporary
injunction pending appeal. We are advised by
briefs of counsel that defendant has already graded

and graveled the roadways and opened them to travel to Lake Beach drive.

By resolution of the Ottawa board of county road commissioners on March 14, 1940, the platted roadways here in question were formally accepted and made a part of the county road system.* Thereafter the evidence is undisputed that the public authorities did undertake to open and maintain the majority of the length of Ottawa and Blandford avenues. Plaintiffs assert, however, that the 1940 resolution came too late to constitute a valid formal acceptance and that, moreover, the county has nonetheless failed to accept the "stub ends" in question.

The first contention is answered by *In re Vacation of Cara Avenue* (1957), 350 Mich 283, 289, 290. In that case the county formally accepted a 1909 platted dedication by resolution of 1937 and the Supreme Court held this period of time not to be excessive:

"Michigan case law generally holds that where dedication is not followed by formal acceptance within a reasonable time, nonetheless what constitutes such a reasonable time is governed by the circumstances, and so long as the original proprietors, or their assignees, take no steps to withdraw the offer, it is held to be continuing."

If length of time after dedication is to be the governing criterion, then this present case (26 years) is very similar to *Cara Avenue* (28 years) and considerably shorter than the 87 years found objectionable in *Shewchuck* v. *City of Cheboygan* (1963), 372 Mich 110. Likewise the present case is to be distinguished from circumstances indicating a withdrawal of the offer of dedication by acts of the platters or their assignees inconsistent with the pro-

* McNitt Act, § 2, CL 1948, § 247.2 (Stat Ann § 9.142) repealed by PA 1951, No 51, currently CLS 1961, § 247.669 (Stat Ann 1958 Rev § 9.1097[19]).

posed public use. See *County of Wayne* v. *Miller*
(1875), 31 Mich 447. This is consistent with a general statement of the guiding rule such as found in
*In re Petition of Bryant* (1949), 323 Mich 424, and
the above-quoted passage from *In re Vacation of
Cara Avenue, supra.* The circumstances in the
present case are virtually identical to those in the
*Cara Avenue Case* and the application of the rule
in that case in favor of valid acceptance is likewise
binding on us.

Plaintiffs would next contend that if a valid acceptance did take place in 1940, that acceptance was
only to a portion of the streets, that which was improved, and did not include the disputed stub ends.
The argument is not well founded. In *Hooker* v.
*City of Grosse Pointe* (1950), 328 Mich 621, 631
the Court stated:

" 'It is not essential that every part of a highway
should be worked in order to evidence the intention
of the public authorities to accept and maintain the
entire highway.' "

A similar statement is found in *In re Vacation of
Cara Avenue, supra.* Although other jurisdictions
have taken various positions with respect to acceptance of part of a highway upon acceptance of the
whole (see Annotation, 32 ALR2d 953), Michigan
has most clearly adopted the rule set forth above.

We find, therefore, that there was an acceptance
for the public of the entire lengths of Ottawa and
Blandford avenues and that there is no support in
the record for a contention that the county thereafter
intended to withdraw or abandon its acceptance.
Proof of abandonment must be borne by the asserting party. *West Michigan Park Association* v.
*Department of Conservation* (1966), 2 Mich App
254. There is insufficient support for such a conclusion in the present record.

The trial court's finding of public use of Ottawa and Blandford avenues is not in error and the injunction against improving the ends of these streets was properly denied.

Affirmed. No costs, a public question being involved.

HOLBROOK, P. J., and BURNS, J., concurred.