VANDER MEER *v.* OTTAWA COUNTY.

1. HIGHWAYS — ADJOINING LANDOWNERS — VACATION OF PLATTED ROAD—OBJECTIONS.

   The trial judge may deny a petition to vacate a platted road when reasonable objections are presented by any person owning land immediately adjoining that part which it is proposed ·to alter or vacate (CLS 1961, § 560.62).

2. SAME—VACATION OF PLATTED ROAD—OBJECTIONS.

   Objections by owners of boat lots to the vacation of platted road never accepted by public which was only access to such lots were reasonable since access to one's property as it existed under a recorded plat at the time of purchase forms the base of a reasonable objection to impairment of that access by vacation.

Appeal from Ottawa, Smith (Raymond L.), J. Submitted Division 3 December 6, 1967, at Grand Rapids. (Docket No. 3,176.) Decided July 25, 1968. Rehearing denied October 1, 1968.

Petition by Garret Vander Meer and others for vacation of platted road. Petition denied. Plaintiff appeals. Affirmed.

*James W. Bussard,* and *McCobb & Heaney,* for plaintiffs.

*Scholten & Fant,* for defendant Spring Lake Township.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 23, 55, 143 *et seq.*

J. H. GILLIS, J.  This action arises on a petition
to vacate a platted road,[1] part of Blandford and
Gilleland's Plat in Spring Lake township, Ottawa
county, Michigan.

The road, Lake Beach drive, is an unimproved
public right-of-way which, so far as is relevant here,
runs in an east-west direction along the south shore
of Spring Lake.  Physically the road is partially
covered by grass and shrubbery although it is pass-
able and in fact so used.  Lake Beach drive is sep-
arated from the lake on the north side of the road

# Blandford and Gilleland's Plat

### SPRING LAKE TOWNSHIP, OTTAWA COUNTY, MICHIGAN.

---

[1] CL 1948, § 560.59 et seq. as amended (Stat Ann 1953 Rev and
Cum Supp § 26.489 et seq.).  More recently these sections were
repealed and essentially reenacted as part of the subdivision control
act of 1967, PA 1967, No 288 (Stat Ann 1968 Cum Supp § 26.430
[101] et seq.).

only by a number of small (10-foot-wide) boat lots.
On the other side of the platted road are larger
residential lots, the owners of which are the peti-
tioners herein. Although some of these residential
lots are only accessible over Lake Beach drive, all
the owners of land so situated were joined in the
vacation petition.

The present petition deals with that section of
Lake Beach drive located between the easterly line
of Franklin avenue and the easterly line of Bland-
ford avenue. Franklin, Ottawa and Blandford
avenues form the only access to Lake Beach drive
and the lake lots at this section of the plat. An
attempt by the public authorities to improve and
grade the northern ends of Blandford and Ottawa
avenues at their intersection with Lake Beach drive
is the subject of a companion lawsuit and appeal.
See *Ackerman* v. *Spring Lake Township* (1968), 12
Mich App 498, *post*.

Owners of the boat lots objected to the proposed
vacation on the ground that the only access to their
lots was by means of Lake Beach drive. The trial
judge found such objections to be reasonable[2] and
denied the petition. This appeal challenges that
ruling.

Findings of the trial court indicate that no public
acceptance of Lake Beach drive had occurred either
by formal resolution or public user. See *West
Michigan Park Association* v. *Department of Con-
servation* (1966), 2 Mich App 254. The objections
therefore are by private owners protecting their
own private rights under the recorded plat, including
Spring Lake Township which has acquired owner-

---

[2] CL 1948, § 560.62 as amended by PA 1958, No 101 (Stat Ann
1965 Cum Supp § 26.492) as existing at the time of this lawsuit.
This section has more recently been repealed by the subdivision
control act of 1967, *supra*, footnote 1.

ship of a number of the boat lots and has filed a brief in this matter as appellee.

We agree with the findings of the trial judge that reasonable objections to vacation were presented. The record established that boat lot owners made regular, albeit seasonal, use of the platted road. Travel over the road is by car and foot and at the beginning and end of the season boats, trailers, and often docks are transported by these owners over the road in question.

The test of whether an objection to vacation of a portion of a recorded plat is reasonable is not capable of precise answer. In *Westveer* v. *Ainsworth* (1937), 279 Mich 580, 585, the Supreme Court stated:

"It is reasonable objection to vacation of the plat that it is proposed to take from the lot owners the conditions they prize as advantages and for which they have paid."

We are constrained to agree that access to one's property as it existed under a recorded plat at the time of purchase forms the basis of a reasonable objection to impairment of that access by vacation. The offer of easement by petitioners hardly persuades us otherwise, for if the rights under the easement would be as great as those under the plat, we sincerely doubt whether we would have had a lawsuit here.

We find no error in the action taken by the trial court in denying the petition.

Affirmed.   Costs to appellees.

HOLBROOK, P. J., and BURNS, J., concurred.