CHRISTIANSEN v GERRISH TOWNSHIP

Docket No. 211216. Submitted October 5, 1999, at Lansing. Decided January 11, 2000, at 9:25 A.M. Leave to appeal sought.

Russell G. and Evelyn A. Christiansen brought an action in the Roscommon Circuit Court against Gerrish Township and others, seeking under the Subdivision Control Act, MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.*, to have an undeveloped portion of Grand Boulevard and title thereto given to them. The court, Michael J. Matuzak, J., denied the request following a bench trial at which it was established that the 505-foot-long road was offered to be dedicated for public use in a 1903 recorded plat of Whittington Park subdivision and that the offer of dedication was accepted by the Roscommon County Road Commission under a 1940 McNitt act resolution that specifically referred to Grand Boulevard but set its length at 472 feet. The plaintiffs appealed.

The Court of Appeals *held*:

1. The McNitt act, 1931 PA 130, as amended by 1935 PA 132, allowed a county to accept streets and alleys dedicated in recorded plats and outside incorporated cities and villages even where the relevant township had not, as in this case, previously accepted the offer of dedication.

2. The trial court did not err in concluding that the 1940 McNitt resolution, despite the erroneous indication of the length of Grand Boulevard, evidenced an intent to take over the entire length of the boulevard. A logical explanation for the discrepancy in length was provided when it was indicated that the shorter distance was determined by a nontechnical person using map dimensions.

3. A McNitt resolution that, like the one involved in this case, specifically identifies a street offered for dedication is, by itself, sufficient evidence of a formal acceptance of the offer.

4. The 1903 offer of dedication was never withdrawn by the offeror and was timely accepted by the county in 1940. Alternatively, the issue of the timeliness of the acceptance was waived by the plaintiffs' failure to challenge the acceptance sooner than their 1996 action.

Affirmed.

1. DEDICATION — STREETS — REQUIRED ELEMENTS.

> A valid dedication of land for a public purpose requires a recorded plat clearly offering the land for public use, and a subsequent acceptance of the offer by a public authority; the acceptance must be timely, and it must be accompanied by a public act either formally confirming or accepting the offer of dedication, and ordering the opening of such street, or by exercising authority over it, in some of the ordinary ways of improvement or regulation.

2. DEDICATION — STREETS — McNITT ACT.

> A county, under the McNitt act, could accept a street or alley dedicated in a recorded plat and outside an incorporated city or village even where the relevant township had not previously accepted the offer of dedication (1931 PA 130, as amended by 1935 PA 132).

3. DEDICATION — STREETS — McNITT ACT.

> A county resolution that specifically identifies a street offered for dedication is, by itself, sufficient evidence of the county's formal acceptance of the offer (1931 PA 130, 1951 PA 51; MCL 247.669; MSA 9.1097[19]).

4. DEDICATION — OFFERS — WITHDRAWAL.

> An offer to dedicate land, as indicated in a plat, will be treated as continuing as long as the plat proprietor or successors of the plat proprietor took no steps to withdraw the offer; withdrawal occurs when the proprietor or successors of the proprietor use the property in a way that is inconsistent with public ownership.

*Carey & Jaskowski, P.L.L.C.* (by *William L. Carey* and *Kathleen Kaufman*), for Russell G. and Evelyn A. Christensen.

*Hess & Hess, P.C.* (by *Scott L. Hess*), for Gerrish Township.

*Law Offices of Deamud & Bennett* (by *James R. Deamud*), for Roscommon County Road Commission.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *James E. Riley*, Assistant Attorney General, for Department of Treasury.

Before: HOEKSTRA, P.J., and MCDONALD and METER, JJ.

METER, J. In this action under the Subdivision Control Act, MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.*, plaintiffs appeal as of right from an order denying their request to vacate a portion of road next to their property. We affirm.

### FACTUAL BACKGROUND

Plaintiffs' property, located in the Whittington Park subdivision of Gerrish Township and Roscommon County, borders Higgins Lake on its northern edge. A road—Grand Boulevard—runs along the western edge of the property toward the lake. Grand Boulevard is approximately 505 feet long.[1] Although the lower segment (approximately 280 feet) of the road is paved, Grand Boulevard remains undeveloped from about the mid-point of plaintiff's property to the shore of Higgins Lake.

In August 1996, plaintiffs filed a complaint in which they alleged, among other things, that although the entire length of Grand Boulevard was set forth in the 1903 plat of the Whittington Park subdivision and thereby offered to be dedicated for public use, no public entity had ever accepted the offer of dedication either formally (by resolution or ordinance) or informally (through public improvements or use) with respect to the undeveloped portion of the road. Plaintiffs thus argued that the undeveloped portion of the road should be vacated and that they should be given title to the land.

[1] One surveyor measured the road's length as 505 feet, while another measured it as 510 feet.

Following a bench trial, the trial court denied plaintiffs' request to vacàte the northern portion of Grand Boulevard, indicating that (1) the offer of dedication had been formally accepted by the Roscommon County Road Commission under a 1940 McNitt resolution[2] that specifically referred to Grand Boulevard; (2) even though the 1940 McNitt resolution referred to Grand Boulevard as being only 472 feet long, the circumstances indicated that the road commission meant to accept the entire length of the road; (3) the span of thirty-seven years between the offer of dedication in 1903 and the acceptance in 1940 was not so long that the offer was presumed withdrawn, given the sparse population in the area and the corresponding lack of the need for quick acceptance; and (4) that even disregarding any formal acts of acceptance, the offer of dedication was nevertheless presumed accepted under MCL 560.255b;   MSA 26.430(255b), which indicates that offers of dedication for public use shall be *presumed* accepted ten years after the plat is first recorded, as long as certain acts of withdrawal have not taken place.

DEDICATION OF LAND FOR A PUBLIC PURPOSE

The general rule regarding the dedication of land for a public purpose was set forth by the Michigan Supreme Court in *Kraus v Dep't of Commerce*, 451 Mich 420, 424; 547 NW2d 870 (1996).  As stated in *Kraus*, a valid dedication requires two elements: (1) a recorded plat clearly offering the land for public use

---

[2] The McNitt act, 1931 PA 130,  repealed by 1951 PA 51, § 21, provided for the taking over by the county of township roads and roads specified as public in recorded plats. For the version of the law currently in effect, see MCL 247.669; MSA 9.1097(19).

and (2) a subsequent acceptance of the offer by a public authority. *Id.* The acceptance must be timely, and it must be accomplished by a public act " 'either formally confirming or accepting the [offer of] dedication, and ordering the opening of such street, or by exercising authority over it, in some of the ordinary ways of improvement or regulation.' " *Id.*, quoting *Tillman v People*, 12 Mich 401, 405 (1864). In the instant case, plaintiffs do not dispute that the disputed portion of Grand Boulevard was properly offered for public use in a recorded plat. Rather, they focus on element 2, arguing that a proper public authority did not timely accept the offer of dedication.

### ACCEPTANCE BY THE TOWNSHIP

Plaintiffs first argue that the Roscommon County Road Commission could not have accepted the offer of dedication by way of the 1940 McNitt resolution because Gerrish Township did not initially accept the offer. They essentially argue that before a county could take over a road under the McNitt act in 1940, the road first must have been accepted as a township road. This argument presents a question of law. We review questions of law de novo. *In re Lafayette Towers*, 200 Mich App 269, 273; 503 NW2d 740 (1993).

In support of their argument, plaintiffs cite *Salzer v State Treasurer*, 48 Mich App 34, 39; 209 NW2d 849 (1973), in which this Court stated:

A county road commission has no power to incorporate a private street into the county road system. Therefore on retrial if the facts disclose Montgomery Boulevard [which had been offered for dedication in a recorded plat] was a private road by reason of the township's failure to accept it,

the county road commission could not incorporate the boulevard into the county road system at any date. On the other hand in the event the facts disclose Montgomery Boulevard was accepted by the township and thereby became a public road, only then must it be ascertained whether the road commission's resolution . . . was timely
. . . .

We agree that this language supports plaintiffs' position in the instant case, because there was no evidence that Gerrish Township had ever accepted Grand Boulevard as a public road. We conclude, however, that this language represents a misinterpretation of the law, and we therefore reject it.

As authority for the proposition that a road must first have been accepted by a township in order to be accepted by a county, the *Salzer* Court cited the McNitt act, 1931 PA 130. While it is true that the McNitt act referred to the taking over of *township roads* by counties, it also stated that "all dedicated[3] streets and alleys in recorded plats and outside of incorporated cities and villages shall be taken over and become county roads." See former MCL 247.2; MSA 9.142 and 1931 PA 130, as amended by 1935 PA 132. Accordingly, the act provided for the taking over by a county of streets designated as public in recorded plats, without the requirement that the streets be first accepted by the township. Therefore, a county could accept a road as public under the McNitt act even if the relevant township had not pre-

---

[3] We note that a street is not truly "dedicated" to public use until acceptance has taken place. See *Kraus v Dep't of Commerce, supra* at 424. However, the term "dedicated" is often used to describe roads *offered for dedication* in a recorded plat. See *Kraus v Dep't of Commerce, supra* at 423. Here, the context makes clear that the term "dedicated" refers to streets and alleys that have been offered for dedication in a recorded plat.

viously accepted it, as long as the road was offered for public use in a recorded plat.[4] Cf. *Missaukee Lakes Land Co v Missaukee Co Rd Comm*, 333 Mich 372, 378; 53 NW2d 297 (1952) (private road that had not been offered for dedication in a recorded plat could not be taken over by county under the McNitt act), and see *Kraus v Gerrish Twp*, 205 Mich App 25, 46; 517 NW2d 756 (1994), affirmed in part and remanded in part on other grounds 451 Mich 420; 547 NW2d 870 (1996) (distinguishing a "private" road from "a dedicated street or alley within the meaning of the McNitt act"). This conclusion accords with the Supreme Court's *Kraus* opinion, in which the Court indicated that offers to dedicate could be accepted by a township *or* county and in which the Court analyzed whether a county had sufficiently accepted several roads, even though there had been no acceptance of the roads by the relevant township. *Kraus v Dep't of Commerce*, *supra* at 424, 432-438. The relevant question in the instant case, therefore, is whether Roscommon County sufficiently accepted Grand Boulevard as a public road, even though there had been no prior acceptance by Gerrish Township.

ACCEPTANCE BY THE COUNTY

Plaintiffs argue that the Roscommon County Road Commission did not accept the offer of dedication, despite the 1940 McNitt resolution, because (1) a

---

[4] We note that the later version of the McNitt act, MCL 247.669; MSA 9.1097(19), contains similar wording and similarly allows the takeover by a county of roads designated as public in recorded plats, even if a township did not first accept the roads.

McNitt resolution, by itself, is insufficient to establish acceptance, and there was no evidence of any informal acts of acceptance; (2) even if a McNitt resolution, alone, is sufficient to establish acceptance, the length of time between the offer and the resolution in the instant case caused the offer to lapse; and (3) even if a McNitt resolution, alone, is sufficient to establish acceptance, part of Grand Boulevard must nonetheless be vacated because the 1940 resolution referred to the road as being only 472 feet long, when the road, in actuality, is approximately 505 feet long.

We first address whether the 1940 McNitt resolution, which specified the length of Grand Boulevard as 472 feet, evidenced an intent to take over the entire length of the road. This issue concerns a factual finding, which we review for clear error. See *Vivian v Roscommon Co Bd of Comm'rs*, 164 Mich App 234, 238; 416 NW2d 394 (1987), aff'd 433 Mich 511; 446 NW2d 161 (1989). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." *Id.* at 238-239. After reviewing the record, we are not left with a definite and firm conviction that the trial court erred in concluding that the 1940 resolution purported to accept the entire length of Grand Boulevard. Defendant's surveyor indicated that the measurement of 472 feet was likely made by a nontechnical person and that such a person could have obtained the 472 feet measurement by adding up the map dimensions on both sides of the road and dividing by two. The trial court accepted this potential explanation, noting that "the record [was] devoid of any logical explanation to explain the

[approximately thirty-three-foot] difference" between the length of the road as specified in the resolution and the length as determined by the surveyors. Indeed, the thirty-three-foot difference did not correspond to the unpaved portion of the road or to any other distinct portion of the road. Accordingly, the trial court did not clearly err in accepting the surveyor's plausible explanation for the 472-foot figure and in concluding that the 1940 resolution purported to accept the entire length of Grand Boulevard.

The next logical inquiry is whether the 1940 McNitt resolution, by itself, could suffice to accept the offer of dedication. This inquiry involves a question of law. Again, we review questions of law de novo. *Lafayette Towers, supra* at 273. In *Rice v Clare Co Rd Comm,* 346 Mich 658, 665-666; 78 NW2d 651 (1956), the Supreme Court held that a county resolution, by itself, constituted a valid acceptance of an offer to dedicate. However, in *Eyde Bros Development Co v Roscommon Co Bd of Rd Comm'rs,* 161 Mich App 654, 665-666; 411 NW2d 814 (1987), abrogated by the Court of Appeals in *Kraus v Gerrish Twp, supra* at 44-47, this Court held that a McNitt resolution, alone, did *not* suffice to accept an offer of dedication and that there must be additional evidence of acceptance before a county could claim a road. Seven years later, in *Kraus v Gerrish Twp, supra* at 44-47, this Court, relying on *Rice, supra* at 665-666, rejected the holding in *Eyde* and held that a McNitt resolution, by itself, constituted sufficient acceptance. In *Kraus v Dep't of Commerce, supra* at 427-430, the Supreme Court modified this holding by indicating that a McNitt resolution cannot suffice to accept a road if it is a general resolution purporting to take over all dedicated

streets in a county, i.e., if it does not specifically identify the road to be accepted. *Id.* In a footnote, the *Kraus* Court stated:

> *Eyde* also involved a 1953 McNitt resolution that *did* refer to the specific subdivisions that contained the streets at issue. There, the plats were recorded in 1927 and 1944. The panel found that acceptance did not occur until the street was paved in 1962. However, the plaintiffs had done nothing to exclude the public from the platted street until one of them fenced off the unimproved end of it in 1980. Because the defendants would have prevailed whether or not the 1953 resolution was sufficient, we need not decide whether *Eyde* is valid with respect to McNitt resolutions that specified the relevant subdivision or street. [*Kraus v Dep't of Commerce, supra* at 429, n 5 (emphasis in original).]

This footnote evidences a wavering by the *Kraus* Court regarding whether a McNitt resolution that specifically identifies the road in question is sufficient evidence of a formal acceptance. We note, however, that the *Kraus* Court did not reject *Rice* but merely clarified its holding. Therefore, *Rice*, as clarified by *Kraus*, remains good law, and we are bound to follow it under the doctrine of stare decisis. Accordingly, despite the apparent reluctance of the *Kraus* Court to explicitly state that a McNitt resolution specifically identifying the street in question suffices to accept the street, we conclude that the current state of the law, until such time as the Supreme Court overrules *Rice*, is that such a resolution *does* suffice to accept the road. Indeed, the *Kraus* Court stated:

> Therefore, it can logically follow from *Rice*, [*In re Vacation of*] *Cara Avenue* [350 Mich 283; 86 NW2d 319 (1957)], and [*In re Petition of*] *Bryant* [323 Mich 424; 35 NW2d 371 (1949)], that a McNitt resolution can only qualify as formal acceptance where it expressly identified a platted road or

the recorded plat in which the road in dispute was dedicated.[5] [*Kraus v Dep't of Commerce, supra* at 429.]

Therefore, as long as a McNitt resolution expressly identifies the street in question, the resolution suffices as evidence of a formal acceptance of the street. In the instant case, the 1940 resolution specifically identified Grand Boulevard, and it therefore could suffice as evidence of a formal acceptance by the county. Accordingly, the trial court did not err in concluding that the county formally accepted Grand Boulevard by way of the resolution.

The next inquiry is whether the 1940 acceptance of the 1903 offer to dedicate was timely. The question of timeliness amounts to a factual determination by the trial court, because it depends on the circumstances of each individual case. See *Kraus v Dep't of Commerce, supra* at 427. Again, we review the court's factual findings for clear error. *Vivian, supra* at 238. The Supreme Court addressed the issue of timeliness in *Kraus v Dep't of Commerce, supra* at 425-427, quoting the following language from *Wayne Co v Miller,* 31 Mich 447, 449-450 (1875): " 'If the plat is only an offer to dedicate, the offer must be accepted or it may be withdrawn, and after any considerable lapse of time must be regarded as no longer open for acceptance, unless the circumstances are such as to make the offer continuous.' " The *Kraus* Court then

---

[5] We further note that the *Kraus* Court concluded, in one of the cases it was deciding, that an affidavit filed by the road commission that specifically identified a road offered for dedication sufficed to accept the road. See *Kraus v Dep't of Commerce, supra* at 438-441. We cannot see how an affidavit by the road commission could suffice to formally accept an offer of dedication whereas a McNitt resolution could not. A McNitt resolution is essentially analogous to the affidavit in *Kraus.*

stated, "[W]e continue to adhere to the course expressed in *White v Smith*, 37 Mich 291, 295-296 (1877): As long as the plat proprietor or his successor took no steps to withdraw the offer to dedicate, the offer will be treated as continuing." *Kraus v Dep't of Commerce*, *supra* at 427. The Court indicated that withdrawal occurs "when the proprietors use the property in a way that is inconsistent with public ownership." *Id.* at 431. The Court further noted that even if an offer is continuing, an acceptance may nevertheless be deemed untimely if a large number of years pass between the offer and the acceptance. It noted that a span of eighty-seven years between an offer and an acceptance had previously been considered too long for a valid acceptance, and it found an eighty-six-year delay similarly untimely. *Id.* at 427, 435.

Here, plaintiffs did not present any evidence of an attempt to withdraw the offer to dedicate Grand Boulevard before the county's acceptance in 1940. Accordingly, under *Kraus v Dep't of Commerce*, *supra* at 425-427, the offer remained open at the time of the county's acceptance. Moreover, the span of thirty-seven years between the offer and the acceptance was more in line with *Ackerman v Spring Lake Twp*, 12 Mich App 498, 501; 163 NW2d 230 (1968) (twenty-six-year span not unreasonable), than with *Kraus v Dep't of Commerce*, *supra* at 435 (eighty-six-year span unreasonable), or *Marx v Dep't of Commerce*, 220 Mich App 66, 78-79; 558 NW2d 460 (1996) (sixty-eight-year span unreasonable). Accordingly, the county's acceptance of Grand Boulevard was timely, and the trial court did not err in failing to vacate the road.

We note that an alternative basis for affirming the decision of the trial court with regard to the timeliness of the county's acceptance is found in *Kraus v Dep't of Commerce, supra* at 441, in which the Supreme Court stated, "In light of the property owners' thirty-year delay in challenging the road commissions' assertions in the 1959 recorded affidavits, we need not decide whether a 1959 acceptance of a 1907 dedicated plat was timely." The *Kraus* Court evidently considered the timeliness issue waived by the plaintiffs' failure to challenge the acceptance during a thirty-year span. Here, plaintiffs did not file suit until 1996, fifty-six years after the 1940 acceptance of Grand Boulevard. Therefore, under *Kraus v Dep't of Commerce, supra* at 441, they have waived the issue of timeliness.

Finally, plaintiffs argue that the statutory presumption of acceptance found in MCL 560.255b; MSA 26.430(255b) cannot be retroactively applied to this case. However, given our holding that the county accepted Grand Boulevard by way of the 1940 McNitt resolution, we need not address whether the statutory presumption of acceptance applied.

Affirmed.