# STATE OF MICHIGAN

# COURT OF APPEALS

LORI L. MALE,

        Plaintiff/Counter Defendant-
        Appellee,

v

KEVIN JAMES RUSSELL,

        Defendant/Counter Plaintiff-
        Appellant.

UNPUBLISHED
January 19, 2016

No. 324000
Alpena Circuit Court
LC No. 13-005423-CH

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals the opinion and order of the circuit court that established a constructive trust over two parcels of real property ostensibly held by plaintiff and defendant. We affirm.

Plaintiff purchased the two properties in issue. A trailer sits on one parcel and a cabin sits on the other. Plaintiff met defendant when defendant was completing some repairs for her family. He also worked for plaintiff in repairing her trailer. At one point, the parties began a romantic relationship and moved into the trailer together. Plaintiff testified below that she paid defendant for all his construction work. Defendant maintained that the parties entered an agreement granting defendant an interest in both properties in consideration for unpaid work he performed. Plaintiff acknowledged that she transferred the properties by quitclaim deed from her name into both parties' names, but stated this was only to allow defendant to transfer the property to her nieces in the event she predeceased defendant. Plaintiff and defendant no longer are involved in a relationship.

After conducting a bench trial, the court found plaintiff's testimony credible and found that a constructive trust existed between the parties as to the real estate. Defendant claims an appeal and argues that the trial court did not have sufficient factual basis for this finding. We review the equitable decisions of lower courts de novo, but will overturn any underlying factual findings only upon a finding of clear error. *In re Filibeck Estate*, 305 Mich App 550, 553; 853 NW2d 448 (2014). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a

mistake has been committed." *Christiansen v Gerrish Twp*, 239 Mich App 380, 387; 608 NW2d 83 (2000) (quotation omitted).

An action for partition of land is equitable in nature, MCL 600.3301, and "a constructive trust is an equitable remedy," *In re Filibeck Estate*, 305 Mich App at 552. Constructive trusts arise by operation of law. *Kent v Klein*, 352 Mich 652, 656; 91 NW2d 11 (1958). Constructive trusts may be imposed to prevent unjust enrichment. *In re Filibeck Estate*, 305 Mich App at 553. "'When property has been acquired in such circumstances that the holder of the legal title may not, in good conscience, retain the beneficial interest, equity converts him into a trustee.'" *Kent*, 352 Mich at 656, quoting *Beatty v Guggenheim Exploration Co*, 225 NY 380, 386; 122 NE 378 (1919) (CARDOZO, J.). Contrary to defendant's assertion, fraud or deceit are not necessary to impose a constructive trust where the property is unconscionably withheld. *Id.* at 657.

Plaintiff testified that defendant restricted her access to both properties. Defendant admitted restricting plaintiff's access to the trailer property. Plaintiff clearly testified that she effected the transfer of property with the understanding that defendant would pass the property to her nieces if she predeceased him. She further testified that she believed the situation was temporary and was not aware that it could not be changed. The trial court accepted her testimony on these points and rejected defendant's testimony that the property was transferred as compensation for work he completed. Defendant challenges the sufficiency of this evidence, but it is not for this Court to judge the credibility of the witnesses. *Brandt v Brandt*, 250 Mich App 68, 74; 645 NW2d 327 (2002). Plaintiff's testimony supports the imposition of a constructive trust.

Although defendant attempts to raise a laches defense, he does not cite any law supporting his argument. Nor has he shown how the doctrine of laches applies in this circumstance, how or why plaintiff delayed in bringing her claims, or how he has been prejudiced by any such delay. Defendant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998).

Plaintiff's testimony clearly showed that she believed that placing defendant's name on the deeds was to be temporary and for the benefit of her nieces. Therefore, any interest defendant had in the land was as a mere trustee for plaintiff's nieces. *Kent*, 352 Mich at 656. He had neither independent right of possession nor any claim on rent generated by the properties.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien