THE VILLAGE OF GRANDVILLE v. LUMAN JENISON AND LUCIUS JENISON.

[See 84 Mich. 54.]

*Highways—User.*

It is no defense to a suit for encroaching upon a highway, claimed to have become such by user prior to the encroachment, that travel had not *then* been continuous over its entire length for the statutory period, if it appears that travel over the portion of the street encroached upon had been so continuous.

Rehearing, upon application of defendants, of case

reported in 84 Mich. 54. Submitted June 2, 1891. Decree affirmed July 28, 1891.

*Taggart, Wolcott & Ganson,* for complainant.

*McGarry & McKnight* and *E. A. Mayer,* for defendants.

MORSE, J. This case will be found reported in 84 Mich. 54. The opinion was filed on the last meeting of the Court before the retirement of Mr. Justice CAHILL from the Bench. A rehearing was granted on motion of defendants, mainly for the reason that some of the members of the Court, especially the writer of this opinion, feared that perhaps they had not, in the limited time afforded between the first hearing and the filing of the first opinion, given the case the full and searching consideration that it deserved. Since then we have most carefully examined and studied the record, and are satisfied that the opinion of Mr. Justice CAHILL is correct in every particular.

The main question raised upon the rehearing is one of fact, to wit, whether "South street," so called, or that portion of it occupied by the building of the Jenisons, has become a public highway by user. There seems to be no ground whatever for disputing the fact, which is well established, that an arrangement was made under attempted, but not legal, proceedings to lay out a street, by which South street, as shown on the old plats, was opened in 1871 from East street through as far as a stave-mill then in operation, and that in the following year it was turnpiked by highway labor. This portion of South street included that part of the street now occupied by the Jenisons' building. The street has been traveled more or less ever since, and the evidence seems to be conclusive that at the corner where the Jenisons'

store is situated it has always been traveled until obstructed by them.

It is true that a road cannot be established by user of any greater length or width than the use makes it; but the defendants are in no position to complain, or aver in their defense that the whole length or width of South street as it appears upon the old plats, or as it was opened in 1871, has not been continuously traveled ever since such opening, as long as it appears without serious dispute that the travel upon the portion of the street upon which their building encroaches has been continuous for upwards of seventeen years before they erected their store building.

There also seems to be a substantial want of equity in the defense. Nicholas Osterhouse, through whom they claim title, never had any deed to this land upon which they are encroaching with this building. His conveyance recognized the old plats of the village, upon which this South street is shown as a public street by that name. His deed was of block 12, eastern addition to the village of Grandville, which, according to these plats, was bounded on the south by South street. In 1871, when he deeded a portion of said block 12 to the railroad company, he expressly bounded it, in his deed, on the south by South street. When he conveyed to Miller, his deed described the land as the "north half of 'South street,' so called, on the south side of block 12." Miller followed this description in his deed to defendants,

It does not appear that Osterhouse ever purchased any title to this land except as a street. He took the fee in the street, subject to the public easement, by virtue of his deed to block 12. If he owned this land absolutely in fee at the time he conveyed to Miller, which may be questioned, he so owned it because the street had been abandoned by the public, and not otherwise. Of this the

defendants had full notice. There are other equitable considerations in favor of the complainant, which we do not deem it necessary to mention.

The opinion heretofore filed must be adhered to, and the decree of the lower court affirmed, with costs.

The other Justices concurred.