RICHEY *v.* SHEPHARD.

1. HIGHWAYS AND STREETS—ABANDONMENT.

A highway may cease to be such by voluntary abandonment and nonuse.

2. SAME—ABANDONMENT—BURDEN OF PROOF.

The burden of proving abandonment of a highway is upon the party asserting it, and abandonment occurs only when the use for which the property is dedicated wholly fails.

3. SAME—ABANDONMENT—BURDEN OF PROOF—EVIDENCE.

Defendant lot owners in platted subdivision failed to sustain burden of proving abandonment of street abutting their lots, where plaintiffs, adjoining lot owners, showed street had been used daily during periods when summer cottage on property had been occupied.

4. SAME—DEDICATION—PLATS.

Recorded plat which is not shown to have failed to conform to statutory requirements and which bore dedication of streets and alleys as shown thereon to the use of the public entitled abutting lot owners to the use of such streets without hindrance or barricade by other lot owners, where no proceedings have been taken to vacate or abandon such streets (CL 1948, § 560.12).

5. DEDICATION—HIGHWAYS—EFFECT.

The dedication of property for the purpose of a highway carries the right to public travel.

6. DAMAGES—SPECULATION—EVIDENCE.

Evidence as to damages because of defendants' unlawful barricade and "no trespass" signs on platted street abutting lots owned by both plaintiffs and defendants *held*, speculative and insufficient to justify an award.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 25 Am Jur, Highways §§ 111, 112.
[2] 1 Am Jur, Abandonment § 17.
[4, 5] 16 Am Jur, Dedication § 61; 25 Am Jur, Highways §§ 163, 181.

Appeal from Charlevoix; Brown (Charles L.), J. Submitted April 9, 1952. (Docket No. 24, Calendar No. 45,391.) Decided May 16, 1952. Rehearing denied June 27, 1952.

Bill by Clifford O. Richey and wife against Guy Shephard and wife to compel removal of barricade and no trespass signs on road. Decree for defendants. Plaintiff Velma Richey appeals. Reversed and decree entered requiring removal of barricade and signs.

*Clare L. Gillett,* for plaintiff.

*Guy C. Conkle, Jr.,* for defendants.

BOYLES, J. Plaintiffs own lot 3 in Zenith Heights, a recorded platted subdivision on Walloon lake in Bay township, Charlevoix county, on which they have had a summer home since 1939. Defendants own lots 1 and 2 in said subdivision and have a summer home on lot 1. These lots front easterly on the lake, and at their rear westerly boundary Valley Brook avenue runs northerly and southerly through the subdivision. Among others, Valley Brook avenue and Franklin avenue, the 2 streets involved in this case, are shown on the recorded plat as dedicated to the use of the public. Valley Brook avenue, although not improved, had been used by plaintiffs until it was barricaded by the defendants. In 1948 the defendants erected a barricade across Valley Brook avenue from the southwest corner of plaintiffs' lot 3 to the opposite lot 28, and later posted "No Trespassing" signs on that part of Valley Brook avenue southerly from the barricade to its connection with Franklin avenue, a distance of 117 feet according to the plat. This prevented plaintiffs from using that part of Valley Brook avenue as an outlet for their lot 3 to and from Franklin avenue. The locus of said lots

and streets, the barricade across Valley Brook avenue, and the signs put up by the defendants, is shown on the following diagram:

After Valley Brook avenue was barricaded by the defendants the plaintiffs filed the instant bill of complaint in the circuit court for Charlevoix county to have the defendants enjoined from obstructing or closing Valley Brook avenue, and incidentally to recover damages which plaintiffs claim to have suffered for inconvenience and loss of rental of their summer home while said street has been closed by the barricade. The trial court held that the barricaded part of Valley Brook avenue had ceased to be a street by abandonment and nonuse, that the streets were never dedicated and accepted by the public, and that Zenith Heights was "a mere plat on paper." The decree as entered, dismissing the bill of complaint, ordered that the plaintiffs, for themselves, their guests and tenants, be granted an easement over a roadway of the defendants from the county highway to their lots 3 and 4 for a period of 2 years as a means of ingress and egress from said county road to their lots, to automatically terminate 2 years

from date of decree.   Plaintiff Velma Richey appeals.

We are not in accord with the conclusion that Valley Brook avenue from the southerly line of plaintiffs' lot 3 to Franklin avenue has been abandoned by nonuse.  The barricaded distance which has been used by plaintiffs and others for access to and from plaintiffs' lot 3 is 117 feet.  Plaintiffs showed that from the time when they first purchased lot 3 in 1939 they used Franklin avenue and Valley Brook avenue for access to the rear of their property.  They did not have water facilities on their property, and used Valley Brook avenue to obtain water from the well of a neighbor to the south of Franklin, 2 or 3 times a day, carrying it in pails.  Until Valley Brook avenue was barricaded they used Franklin and Valley Brook every year, since they had been there.  Their renters also used Franklin and Valley Brook for access to lot 3.  The oil truck making deliveries for their use came in by Franklin and up Valley Brook once a week.  They had lumber and roofing brought in by the same route.  For the last 4 years their guests and other members of their family used Valley Brook between Franklin and their place.  There were times when they used the same route for motor vehicles, when they could not get through by a road across private land which subsequently was closed up by the owner.  A witness for plaintiffs testified that he was called to fix screens for plaintiffs' porch and drove upon Franklin avenue 4 or 5 rods, then north up Valley Brook to plaintiffs' place; and had walked it a good many times.  A Mr. Cavell, owner of 40 acres of land immediately south of Franklin avenue, testified that he had walked Franklin avenue and Valley Brook avenue many times to go to plaintiffs' place, and that plaintiffs visited them the same way almost every day, using Valley Brook down to Franklin, and that it had "been going on"

ever since plaintiffs took possession in 1939. Mrs. Cavell testified she had "driven a car over Franklin and Valley Brook  *  *  * probably 3 years ago and on occasions prior to that when we would want to get something to the Richeys (plaintiffs) or Shephards from our place, I would drive up with it. I have walked that route every day and often more than once a day during the summer when Richey's cottage has been occupied."

In the trial court the defendants apparently relied on *Meyer* v. *Meldrum,* 237 Mich 318, and *Gardens of Rest, Inc.,* v. *Upper Michigan Power & Light Co.,* 322 Mich 153, to sustain their claim that Valley Brook avenue had ceased to be a street by voluntary abandonment and nonuse. In the *Meyer Case* the plaintiffs claimed that land 40 x 66 feet, which would extend from a public highway to Lake St. Clair, was itself a public highway. It had been unusable as a highway for upwards of 25 years, after it had been obstructed by street railway tracks crossing it. These tracks were above the level of the street, with a vertical rise of several feet, making this land impassable for use by automobiles. Trees had been planted and a well dug on it for 15 or 16 years, and a dike built across it out of logs, stones and cement. For many years no attempt had been made to use it for travel. It was covered with sod, sloped rapidly so as to make it impassable, and across the entire front there was a solid stone and concrete breakwater. The Court properly held that if it ever had been a public street, it had been abandoned for many years. Obviously the facts distinguish the case from the case at bar. In the *Gardens of Rest Case,* under facts comparable to some extent with the case at bar, the Court said:

"A highway may cease to be such by voluntary abandonment and nonuse (see *Meyer* v. *Meldrum,*

237 Mich 318), but we are satisfied there never has been a voluntary abandonment and nonuse of the old highway in the case at bar."

The defendants assert that Valley Brook avenue from plaintiffs' lot 3 southerly to Franklin avenue has been abandoned by nonuse. In that regard they have not sustained the burden of proof.

"The burden of proving abandonment is upon the party asserting it, and abandonment occurs only when the use for which the property is dedicated wholly fails." *Kirchen* v. *Remenga,* 291 Mich 94.

We conclude that Valley Brook avenue from plaintiffs' lot 3 southerly to Franklin avenue has not been abandoned by nonuse, and we so hold.

Nor do we agree with the holding that Franklin avenue and Valley Brook avenue, platted streets in Zenith Heights, were not dedicated to the use of the public. The dedication is in the recorded plat, signed by the plattors, as follows:

"——DEDICATION——

"Know all men by these presents, That we George Franklin Jr. as proprietor, and Laura L. Franklin his wife, have caused the land embraced in the annexed plat to be surveyed, laid out and platted, to be known as ZENITH HEIGHTS and that the streets and alleys as shown on said plat are hereby dedicated to the use of the public.

"Signed and sealed in presence of ⎱
"MARY E. ANDERSON ⎰
"GRACE D. FLAGG

GEORGE FRANKLIN JR. [L.S.]
LAURA L. FRANKLIN. [L.S.]"

The recorded plat also shows the approval of the township board of Bay township, August 14, 1911, signed by the supervisor and clerk. No question has been raised that the recorded plat fails to conform

to the statutory requirements.*   CL 1948, § 560.12 (Stat Ann § 26.442), requires that a form of dedication shall be printed on each plat, "and that the public streets, alleys and other public places shown on it are dedicated to the use of the public."

"The dedication of property for the purpose of a highway carries the right to public travel." *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich 58.

There have been no proceedings attempted or taken to vacate or abandon the 2 streets in question. Plaintiffs had and still have the right to use said streets for access to ᐧtheir lot 3. As against their rights, the ᐧdefendants' barricade was unlawful. *Schurtz* v. *Wescott,* 286 Mich 691; *Kirchen* v. *Remenga, supra.*

Plaintiffs asked for damages. They claim that as the result of the barricade⁻ of Valley Brook avenue they had been "prevented" from renting their property since the barricade. Appellant testified:

"*Q.* What about ᐧyour property this year?

"*A.* It has been a complete loss to us, as far as income is concerned, because of the obstruction. We felt it would hardly be fair to ask people to rent property when there was no way for them using the road. * * *

"*Q.* When you rent your property, how much do you get for it?

"*A.* We get $35 a week.

"*Q.* Normally, how many weeks of the year do you rent?

"*A.* We rent it about 6 weeks out of the season."

Plaintiffs' property was occupied by tenants in 1948, although the barricade was then in place. They made no showing that any person was ready and willing to rent their place in 1949, or later. Appar-

---

* CL 1948, § 560.1ᐧ *et seq.* (Stat Ann § 26.431 *et seq.*).   Subsequent amendments have no bearing.

,ently they preferred to refrain from attempting to rent it, as a matter of their own choice. Their proofs do not justify an award of such speculative damages as they now seek to obtain.

The decree entered in the circuit court is set aside and a decree may be entered in this Court requiring the defendants to remove the barricade and no trespass signs and enjoining the defendants from obstructing, closing or attempting to close Valley Brook avenue in said plat, with costs of both courts to appellant.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.