BANGLE *v.* STATE TREASURER

1. EASEMENTS — DEDICATION — PLATS — RECORDING — APPROVAL — STATUTES.

The recording of a plat map in which the streets and public beach as shown on the plat were dedicated to the use of the public coupled with the approval of the plat by the local township board constituted a statutory dedication of the land, vesting the fee simple in the municipality to be held in trust for the public (MCLA § 560.253).

2. EASEMENTS—DEDICATION—PLATS—VACATION—STATUTES.

The vacation of a dedication by recorded plat of an undeveloped road and beach can be accomplished only if the local governing body which holds the property in trust for the public so provides by a legislative enactment *and* the vacation is ordered by the court; the question of whether the court's denial of a petition for vacation was reasonable need not be considered where the vacation has not been also approved by legislative enactment of the local governing body (MCLA §§ 560.221, 560.226).

Appeal from Lake, Charles A. Wickens, J. Submitted Division 3 April 1, 1971, at Grand Rapids. (Docket No. 8844.) Decided June 21, 1971.

Petition by Russell J. Bangle and his wife, Erma Bangle, and Edwin J. Szotko and his wife, Joan Szotko, against Allison Green, State Treasurer, Leo LaPointe, Supervisor of Lake Township, the Lake

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication § 23 *et seq.*
[2] 23 Am Jur 2d, Dedication §§ 35, 36.

County Board of Road Commissioners, and Western Michigan Electric Cooperative for vacation of a part of the plat of Silver Lakes, Michigan. Petition denied. Plaintiffs appeal. Affirmed.

*Shepherd & Shepherd,* for plaintiffs.

*Ronald C. Wilson,* for defendant Lake County Board of Road Commissioners.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J. Plaintiffs appeal the trial court's order denying a petition to vacate certain platted lands under MCLA § 560.221 (Stat Ann 1970 Rev § 26.430[221]).

Plaintiffs Bangle and Szotko each owned three lakeside lots in the plat of Silver Lake, located on the northern side of Silver Lake in a sparsely-developed area of Lake County. Between the plaintiffs' lots and the lake lies an undeveloped road and beach.

In 1916, the land in question was owned by Silver Lakes Improvement Association, a Michigan corporation. The corporation properly recorded a plat in which the "streets and public beach as shown on said plat are hereby dedicated to the use of the public." The plat of this land, the subject of the instant controversy, was duly approved by the Township Board of the Township of Lake on January 11, 1916. The foregoing actions constituted a statutory dedication of the land, vesting the fee simple in the municipality to be held in trust for

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the public. See MCLA § 560.253 (Stat Ann 1970 Rev § 26.430[253]) ; *Kirchen* v. *Remenga* (1939), 291 Mich 94; *Village of Grandville* v. *Jenison* (1890), 84 Mich 54 (On Rehearing, 1891), 86 Mich 567.

Plaintiffs, pursuant to MCLA § 560.221 (Stat Ann 1970 Rev § 26.430[221]), filed their petition on July 28, 1969, for the purpose of vacating a portion of the recorded plat. On August 27, 1969, a hearing was held, at which time various witnesses registered their objections to the petition.

The trial court denied plaintiffs' petition on the ground that "the interest and claim of the objectors far outweighs the interest and claim of the plaintiffs". On appeal, plaintiffs allege that the objections to the petition raised below were not reasonable.

A pertinent section of the statute involved makes the determination of this issue unnecessary on appeal. MCLA § 560.226 (Stat Ann 1970 Rev § 26-.430[226]) provides, in part:

"After requiring proof that the required notices have been given and after hearing all interested parties, the court may order dimensional changes to be made in a recorded plat, or may order a recorded plat or any part of it to be vacated, corrected or revised, *with the following exceptions:*

\*     \*     \*

"(c) No part of a street or alley under the jurisdiction of a city or village and no part of any public walkway, park or public square *or any other land dedicated to the public may be vacated,* corrected or revised under the provisions of this section except by *both a resolution or other legislative enactment duly adopted by the governing body of the municipality and by court order."* (Emphasis added.)

As previously discussed, a statutory dedication had occurred with respect to the land in question.

No evidence was presented regarding a resolution or other enactment by the Township of Lake vacating the dedicated land. Indeed, it appears from the notice of objection filed by the Attorney General that the Township of Lake opposed the petition to vacate.

Since no resolution by the Township of Lake permitting the vacation of the dedicated road and beach was presented, the petition by plaintiffs was rightfully denied by the trial court.

Judgment affirmed.

All concurred.