MARX v DEPARTMENT OF COMMERCE

Docket Nos. 188203, 188287. Submitted October 2, 1996, at Grand Rapids.
    Decided November 12, 1996, at 9:15 A.M.

Raymond L. and Jean Marx brought an action in the Charlevoix Cir-
    cuit Court against the Department of Commerce, the Charlevoix
    County Road Commission, Bay Township, and others, seeking to
    vacate a strip of property platted as a road, Birch Lane, and a
    declaratory judgment quieting title. Birch Lane had been dedicated
    to Bay Township in 1911, and the township approved the plat of
    the subdivision containing Birch Lane that same year. The plain-
    tiffs, who own the property on both sides of Birch Lane, built a
    home on their property in 1970, including a driveway that
    encroaches on the strip of land dedicated as Birch Lane. The plain-
    tiffs alleged that neither Bay Township nor the Charlevoix County
    Road Commission ever accepted the dedication. The court, Richard
    M. Pajtas, J., found that the defendants failed to establish an act of
    formal acceptance and granted summary disposition for the plain-
    tiffs. The township and the road commission appealed, and the
    appeals were consolidated.

    The Court of Appeals *held*:

    1. The trial court properly determined that the defendants
    presented insufficient evidence that the road commission assumed
    jurisdiction over Birch Lane under the provisions of the McNitt act,
    1931 PA 130, MCL 247.1 *et seq.*; MSA 9.141 *et seq.*, which was
    repealed in 1951.

    2. The evidence presented by the township was insufficient to
    demonstrate acceptance of the dedication. The mere certification
    or acceptance of a plat without reference to acceptance of prop-
    erty dedicated by the plat does not constitute acceptance of all the
    dedicated property. Acceptance of dedicated property may be for-
    mal by resolution, informal through the expenditure of public
    money for repair, improvement, and control of the roadway, or
    informal through public use.

    3. The township did not present evidence of acts sufficient to
    constitute manifest acceptance of Birch Lane.

    4. The offer to dedicate Birch Lane lapsed, and it was also with-
    drawn in 1970 as a result of the plaintiffs' use of the property in a

matter inconsistent with public use. The township did not make a timely acceptance of the dedication. The township's resolution in 1979 accepting all dedicated lands was enacted after the offer of dedication had lapsed and was withdrawn. Thus, the resolution accepting the property was not a valid acceptance of the property at issue here.

5. The defendants' contention that a 1978 addition to the Subdivision Control Act, MCL 560.255b; MSA 26.430(255b), creates a presumption that land dedicated to public use is presumed to have been accepted under the facts of this case must be rejected. The statute provides that the presumption is rebutted by competent evidence that the dedication, before the effective date of the statute and before acceptance, was withdrawn by the plat proprietor. The plaintiffs rebutted the presumption with competent evidence that they withdrew the dedication in 1970, which was before the effective date of the statute and before the township's attempted acceptance in 1979.

Affirmed.

1. COUNTIES — ROAD COMMISSIONS — PLATTED ROADS — DEDICATION — McNITT ACT.

A general McNitt act resolution that does not expressly identify the platted roads to be taken over or the recorded plat in which the roads were dedicated is insufficient to effect manifest acceptance of an offer to dedicate the roads to public use; alleged acts of a county road commission consistent with the McNitt act are not properly construed as acceptance of the offer to dedicate unless they specifically relate to the road or plat in question (1931 PA 130).

2. DEDICATION — PUBLIC USE — ACCEPTANCE.

A valid dedication of land for a public purpose requires two elements: a recorded plat designating the areas for public use, evidencing a clear intent by the plat proprietor to dedicate those areas to public use, and acceptance by the proper public authority; the public acceptance must be timely and disclosed through a manifest act by the public authority; the public authority may accept the dedication formally, by confirming or accepting the dedication, or informally, by ordering the opening of the street or exercising authority over it by improvement or regulation; to be timely, the acceptance must take place before the offer lapses or before the property owner withdraws the offer by using the property in a manner inconsistent with public ownership.

3. DEDICATION — PUBLIC USE — ACCEPTANCE

 The mere approval and certification of a plat under the Subdivision Control Act does not constitute automatic acceptance of all the dedicated property by the public authority; acceptance of the dedicated property for public use by the public authority may be formal by resolution, informal through the expenditure of public money for repair, improvement and control of the roadway, or informal through public use (MCL 560.253[1]; MSA 26.430[253][1]).

*Smith & Powers* (by *Wayne Richard Smith*), for the plaintiffs.

*Cummings, McClorey, Davis, Acho & Tremp, P.C.* (by *Catherine D. Jasinski*), for Wayne Saunders, as Chairperson of the Charlevoix County Road Commission.

*Stedman, Fershee & Fershee* (by *David W. Fershee*), for Bay Township.

Before: FITZGERALD, P.J., and O'CONNELL and T. L. LUDINGTON,* JJ.

O'CONNELL, J. Plaintiffs filed a complaint to quiet title to a strip of land situated between two parcels of property they own in Bay Township, Charlevoix County. The strip of land had been dedicated to Bay Township in 1911. Plaintiffs alleged that neither Bay Township nor the Charlevoix County Road Commission ever accepted the dedication. Defendants moved for summary disposition pursuant to MCR 2.116(C)(10). Plaintiffs responded by requesting summary disposition pursuant to MCR 2.116(I)(2). The trial court granted summary disposition for plaintiffs and ordered defendants to vacate the property. Defendants Bay Township and Charlevoix County

* Circuit judge, sitting on the Court of Appeals by assignment.

Road Commission now appeal this order, arguing that the trial court erred in finding that the dedication had never been accepted.[1] We affirm.

In August 1911, George and Laura Franklin platted a subdivision, Zenith Heights, in Bay Township, Charlevoix County. The plat stated that all streets and alleys shown on the plat were dedicated to the use of the public. A strip of land situated between Lots six and seven of the subdivision was dedicated as a road known as Birch Lane. Birch Lane ran from Valley Brook Avenue to Walloon Lake. On August 14, 1911, Bay Township approved the plat.

Plaintiffs bought Lot six in 1970, Lot seven in 1976, and Lot five in 1977. Plaintiffs built a residence on Lot seven, including a driveway that encroaches on Birch Lane. In 1993, plaintiffs filed a complaint to vacate Birch Lane and to obtain a declaratory judgment quieting title. Plaintiffs claimed that although the lane was dedicated to the township for use as a road in 1911, the offer of dedication was never accepted.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the approval of the plat, the public expenditures for road maintenance in Zenith Heights, and the transfer of jurisdiction over the road to the commission pursuant to the McNitt act, 1931 PA 130, MCL 247.1 *et seq.*; MSA 9.141 *et seq.*, indicated that the dedication had been accepted.

In response, plaintiffs argued that the evidence established that the dedication never had been

---

[1] Although plaintiffs named many defendants in their complaint, including the Michigan Department of Commerce, only Bay Township and the Charlevoix County Road Commission have pursued appeals, and their appeals have been consolidated.

accepted. Plaintiffs argued that because there never had been a McNitt act resolution accepting Birch Lane, and because plaintiffs had used the land in a manner inconsistent with public dedication, there was no acceptance. The trial court found that defendants failed to establish any act of formal acceptance and granted summary disposition for the plaintiffs.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Lash v Allstate Ins Co*, 210 Mich App 98, 101; 532 NW2d 869 (1995). The court must consider the pleadings, affidavits, depositions, and other documentary evidence available to it and grant summary disposition if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id.* If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment for the opposing party. MCR 2.116(I)(2). We review summary disposition decisions de novo, to determine "whether the prevailing party was entitled to judgment as a matter of law." *G & A Inc v Nahra*, 204 Mich App 329, 330; 514 NW2d 255 (1994).

I

At issue in the instant case is whether Birch Lane, dedicated to the public in 1911, was ever accepted by a government authority. Defendants first claim that under the McNitt act, the defendant road commission assumed jurisdiction over all township roads in Charlevoix County, including Birch Lane. The McNitt act, which was repealed by 1951 PA 51, provided, in § 2, as follows:

> On or before April first, nineteen hundred thirty-two, the board of county road commissioners in each of the several counties of the state shall take over and incorporate into the county road system, twenty per cent of the total township highway mileage so determined and fixed by the state highway commissioner in each township of their respective counties. Thereafter each such board of county road commissioners shall, on April first of each succeeding year, take over and incorporate into their county road system, an additional twenty per cent of such township highway mileage until the entire township highway mileage in all of the townships of each of such counties has been taken over and made a part of the county highway systems. In the year next following the taking over of all such highways all dedicated streets and alleys in recorded plats and outside of incorporated cities and villages shall be taken over and become county roads. [MCL 247.2; MSA 9.142.]

Defendants concede that they have been unable to locate evidence of a McNitt act resolution in which the defendant road commission assumed such jurisdiction, but they argue that defendant road commission acted consistently with the McNitt act and thereby assumed jurisdiction. The only evidence defendants offer in support of this contention is a McNitt act map that purportedly shows Zenith Heights and a 1938 highway planning survey of Zenith Heights indicating the total mileage of certified roads in the subdivision. The issue is whether this evidence establishes McNitt act assumption of jurisdiction over Birch Lane.

In *Kraus v Dep't of Commerce*, 451 Mich 420; 547 NW2d 870 (1996), the Supreme Court considered the issue whether a general McNitt act resolution, in which the county declared that it had assumed jurisdiction over all township roads, constituted acceptance of a dedicated road that was not specifically

named in the resolution. *Id.* at 425. The Court held that such a resolution was not effective acceptance:

> Given that the McNitt act *required* county road commissions to take over township roads, we believe that, with respect to a McNitt resolution that was only general in nature, the instant panel's holding would run the risk of imposing duties and financial responsibilities on a county for dedicated roads that the county did not knowingly or intentionally accept. [*Id.* at 429-430.]

The Court concluded that a McNitt resolution that did not expressly identify either the platted road in dispute or the recorded plat in which the road was dedicated was insufficient to effect manifest acceptance of the offer to dedicate the road to public use. *Id.* at 430.

In the instant case, defendants have produced no evidence of even a general McNitt resolution, but, instead, argue that, because defendant road commission took actions consistent with the McNitt act, its actions should be construed as acceptance. However, by analogy to *Kraus, supra,* such actions cannot constitute acceptance unless they specifically relate to the road or plat in question. *Id.* at 430.

The McNitt act map defendants offer as evidence does not relate to Birch Lane. Indeed, there is nothing on the map that indicates the purpose or significance of the map. We are unable to infer that the map establishes McNitt act acceptance of Birch Lane. Similarly, the mileage survey indicates that Birch Lane's mileage has not been included in the total mileage of certified roads in Zenith Heights, evidence that militates against defendants' position. Furthermore, we are unable to deduce from the survey that the information even pertains to the McNitt act in any way.

Therefore, in light of the dearth of evidence suggesting that defendants assumed jurisdiction over Birch Lane pursuant to the McNitt act, we conclude that the trial court properly determined that defendants presented insufficient evidence to withstand plaintiffs' cross motion for summary disposition pursuant to MCR 2.116(C)(10) and (I)(2).

II

Defendant Bay Township next contends that summary disposition was inappropriate because, regardless of the issue of the McNitt act, it offered evidence to demonstrate acceptance of the dedication. However, as with defendant township's argument in the context of the McNitt act, we again find the evidence advanced by defendant to be insufficient.

Our Supreme Court has recently held that in cases involving a petition to vacate property designated for public use, "the well-established rule is that a valid dedication of land for a public purpose requires two elements: a recorded plat designating the areas for public use, evidencing a clear intent by the plat proprietor to dedicate those areas to public use, and acceptance by the proper public authority." *Kraus, supra* at 424. Public acceptance must be timely and must be disclosed through a manifest act by the public authority. *Id.* The public authority may accept the dedication formally, by confirming or accepting the dedication, or informally, by ordering the opening of the street or exercising authority over it by improvement or regulation. *Id.* The purpose of the requirement of public acceptance by a manifest act is necessary to prevent the public from becoming responsible for land that it neither wants nor needs and to pre-

vent the land from becoming waste property. *Id.* If an offer to dedicate platted roads is timely and effectively accepted by the respective township or county, the circuit court has no authority to vacate the roads absent the particular defendant's consent. *Id.* at 424-425, MCL 560.226(1); MSA 26.430(226)(1).

At issue in the present case is the second element set forth in *Kraus*: acceptance. Section 253(1) of the Subdivision Control Act, MCL 560.101 *et seq.;* MSA 26.430(101) *et seq.*, provides:

> When a plat is certified, signed, acknowledged and recorded as prescribed in this act, every dedication, gift or grant to the public or any person, society or corporation marked or noted as such on the plat shall be deemed sufficient conveyance to vest the fee simple of all parcels of land so marked and noted, and shall be considered a general warranty against the donors, their heirs and assigns to the donees for their use for the purposes therein expressed and no other. [MCL 560.253(1); MSA 26.430(253)(1).]

However, the mere certification of a plat does not constitute acceptance of all the dedicated property. This Court held in *Eyde Bros Development Co v Roscommon Co Bd of Rd Comm'rs*, 161 Mich App 654; 411 NW2d 814 (1987), that although the statute appears to provide that the fee to dedicated parcels vests in the public by the recording of the plats, this interpretation is incorrect. *Id.* at 662. Instead, there is an additional requirement of acceptance by the government authority. *Id.* at 663-664. The *Eyde* Court held:

> Acceptance of such parcels may be: (1) formal by resolution; (2) informal through the expenditure of public money for repair, improvement and control of the roadway; or (3) informal through public use. [*Id.* at 664.]

The *Eyde* Court based this interpretation on the Michigan Supreme Court's interpretation of the predecessor statute, 1 Comp L 1871, p 467, in *Wayne Co v Miller*, 31 Mich 447 (1875). In *Miller*, the Supreme Court considered the meaning of this predecessor statute, which provided that a properly executed plat should "vest the fee of such parcels of land as are therein expressed, named or intended for public uses, in the county" in which such lands should lie. *Id.* at 447-449. This principle has recently been reiterated by our Supreme Court in *Kraus, supra* at 424-425. The Court concluded that the vesting is not automatic, because otherwise a municipality might become responsible for unwanted and unneeded public property. *Id.* The issue presented in the instant case is whether any of the actions taken by Bay Township constitute acceptance of the public lands dedicated in the Zenith Heights plat, particularly Birch Lane.[2] The burden of proving acceptance of the offer is on the public authority; the burden of proving withdrawal of the offer is on the property owner. *Id.* at 425.

Defendant Bay Township argues that the approval of the plat on August 14, 1911, the public expenditures of money for road maintenance in Zenith

---

[2] This is not the first instance in which an appellate court of this state has been asked to consider whether a dedicated street in the Zenith Heights subdivision had been accepted. In *Richey v Shephard*, 333 Mich 365; 53 NW2d 487 (1952), the plaintiffs, owners of Lot three, sued the defendants, owners of Lots one and two, when the defendants blocked access to Valley Brook Avenue. *Id.* at 366. The defendants claimed that Valley Brook "had ceased to be a street by abandonment and nonuse." *Id.* at 367. The Supreme Court rejected this argument on the basis of evidence that Valley Brook had been frequently used for traffic. *Id.* at 368. Because the Supreme Court did not consider whether the dedication of Valley Brook would have been accepted absent such use, this decision does not settle the question whether Bay Township accepted all dedicated roads in Zenith Heights.

Heights, and the township board's formal acceptance of all public land within the township in 1979 constitute acceptance. We will consider each of these arguments in turn.

First, we consider whether Bay Township's approval of the plat constituted acceptance of the plat's dedication. The Supreme Court in *In re Vacation of Cara Avenue*, 350 Mich 283; 86 NW2d 319 (1957), equivocated on this issue. The Court stated that the approval of a plat "gives substance" to the conclusion that a dedication had been accepted, but also based its holding on the fact that the dedicated land had been formally accepted. *Id.* at 289-291.

The panels of this Court are divided with regard to this issue. In *Bangle v State Treasurer*, 34 Mich App 287; 191 NW2d 160 (1971), the plaintiffs petitioned for vacation of certain platted lands in Lake Township. *Id.* at 288. The township had approved the plat in 1916. *Id.* The trial court denied the petition. *Id.* On appeal, this Court held that the township's approval of the plat constituted an acceptance of the dedication. *Id.* at 288-299. The Court held that because the dedication had been completed, the circuit court lacked jurisdiction to grant the petition under MCL 560.226; MSA 26.430(226). *Id.* at 289-290.

However, in *Salzer v State Treasurer*, 48 Mich App 34; 209 NW2d 849 (1973), a different panel of this Court declined to follow *Bangle, supra*. In *Salzer*, the plaintiffs sought vacation of a parcel of property platted as a street, arguing that the offer of dedication had not been accepted. *Id.* at 35. The trial court, relying on *Bangle*, denied the petition because the plat had been approved. *Salzer* at 36. This Court determined that the *Bangle* Court "erroneously equated

township approval of a plat with formal acceptance."
*Salzer* at 37. We must resolve this conflict in order to
determine whether Bay Township accepted the Birch
Lane dedication in 1911.

As quoted above, our Supreme Court recently held
that the purpose of the requirement of public accept-
ance by a manifest act is necessary to prevent the
public from becoming responsible for land that it
neither wants nor needs and to prevent the land from
becoming waste property. *Kraus, supra* at 424-425.
We believe that the Court's ruling in *Salzer, supra,* is
consistent with this principle. Furthermore, the lan-
guage found in judicial decisions concerning this
issue suggests that a more specific act than approval
of a plat is required. In *Kraus, supra,* the Supreme
Court stated that acceptance "must be disclosed
through a *manifest* act by the public authority 'either
formally *confirming or accepting* the dedication, and
ordering the opening of such street, or by exercising
authority over it, in some of the ordinary ways of
improvement or regulation.' " *Id.* at 424, quoting *Till-
man v People*, 12 Mich 401, 405 (1864) (emphasis sup-
plied). The *Eyde* Court held that acceptance of dedi-
cated parcels may be "(1) formal by *resolution*; (2)
informal through the expenditure of public money for
repair, improvement and control of the roadway; or
(3) informal through public use." *Id.* at 664 (emphasis
supplied). Mere approval of a plat, without any refer-
ence to acceptance of property dedicated by the plat,
is insufficient under these standards to constitute
acceptance. We resolve the conflict by adopting the
law of *Salzer*. Accordingly, we conclude that defend-
ant township's approval of the original plat in the

present case does not constitute acceptance of the dedicated land.

Defendant Bay Township also claims that it accepted the dedication when it made public expenditures for maintenance and improvement of Birch Lane. However, the record evidence indicates merely that members of the township board discussed underwriting the improvement of roads in Zenith Heights, including Birch Lane, in 1952. The record contains no suggestion that Birch Lane underwent any type of improvement at the hands of defendant township, and there is no evidence that funds were ever expended for this purpose. These acts are insufficient to constitute manifest acceptance of Birch Lane.

Finally, defendant Bay Township claims that it accepted the offer of dedication in 1979 by approving a resolution to formally accept all dedicated lands not yet accepted.[3] Because this resolution specifically refers to Zenith Heights, we conclude, assuming that a township possesses such authority, this act would normally constitute acceptance by formal resolution. However, the Supreme Court held in *Kraus, supra,* that an acceptance must be timely, meaning it must take place before the offer lapses or before the property owner withdraws the offer. *Id.* at 425. In light of the fact that sixty-eight years passed between the dedication of the land and defendant township's ostensible acceptance, we will consider whether the

---

[3] Whether the township had the authority to accept the offer of dedication in 1979 is questionable. Defendant road commission contended during oral arguments that it alone had such authority. However, because this issue has not been briefed on appeal, it is considered abandoned. *Anchor Bay Concerned Citizens v Anchor Bay Bd of Ed,* 55 Mich App 428, 431; 223 NW2d 3 (1974).

offer lapsed and whether plaintiffs withdrew the offer before this acceptance.

As long as a plat proprietor or his successors take no steps to withdraw an offer to dedicate land for public use, the offer is treated as continuing. *Kraus, supra* at 427. Whether an offer lapses or continues depends on the circumstances of each case. *Id.* In *Kraus,* the Court found that a lapse of eighty-six years was unreasonable and held that the offer was no longer valid where there had been no acceptance of the dedicated land. *Id.* at 434-435. In *Shewchuck v Cheboygan,* 372 Mich 110, 113-114; 125 NW2d 273 (1963), quoting *Miller, supra* at 449-450, the Supreme Court held that an acceptance eighty-seven years after the dedication was, similarly, unreasonably late, noting that " 'after any considerable lapse of time [such an offer] must be regarded as no longer open for acceptance, unless the circumstances are such as to make the offer continuous.' " In contrast, in *Ackerman v Spring Lake Twp,* 12 Mich App 498; 163 NW2d 230 (1968), this Court held that a twenty-six-year delay was not unreasonable. *Id.* at 501.

We believe that the present sixty-eight-year delay in accepting the dedication is more similar to the situations arising in *Shewchuck* and *Kraus* and, accordingly, conclude that the offer lapsed. Defendant township has offered no evidence that the offer was meant to continue indefinitely, and we consider three generations to be an unreasonable length of time to expect an offer to remain open. Therefore, we conclude that defendant township's 1979 resolution accepting all dedicated lands, though sufficient in form, was enacted after the offer in the present case had lapsed. Accordingly, it may not constitute a valid acceptance.

Further, we also find that the offer was withdrawn. The withdrawal of an offer differs from the lapse of an offer in that the former requires an affirmative act, while the latter stems from inaction. An offer is withdrawn when the proprietors use the property in a manner inconsistent with public ownership. *Kraus, supra* at 431. What qualifies as inconsistent use will depend on the circumstances of each case, and acquiescence by one of the parties to the other party's use of the property will often be pivotal. *Id.* Examples of inconsistent use have included the erection of buildings and fences and the planting of trees. *Id.* at 431-432. In *Vivian v Roscommon Co Bd of Rd Comm'rs*, 433 Mich 511; 446 NW2d 161 (1989), the Supreme Court held that a property owner's occupancy of a dedicated alley by erecting a wooden and wire fence and by planting the area with large trees and underbrush for forty years was inconsistent with public rights. *Id.* at 520.

Plaintiffs have offered evidence that they built a driveway on Birch Lane in 1970. They also have offered evidence that the road commission acquiesced by informing plaintiffs that the township had no intent to develop the road. Defendants have not refuted this evidence. Although plaintiffs have not actually blocked access across Birch Lane, as was done in *Vivian, supra* at 520, we find that a driveway traversing the disputed property is inconsistent with public use of Birch Lane. By building the driveway and regularly parking cars there, plaintiffs have clearly evinced an intent to regard the parcel as their own property. There is no material issue of fact that defendant Bay Township did not make timely accept-

ance of the offer of dedication. The trial court properly granted the order of vacation.

III

Turning to the remaining issues raised on appeal, we decline to address the issue whether plaintiffs have improperly sought to have this Court decide the local issue of road-end access, as urged by defendant road commission, because this issue has no relevance to our resolution of the appeal. Although plaintiffs made reference to road access concerns in a supplemental brief in support of their cross motion for summary disposition, these matters were not necessary to the trial court's decision, nor are they necessary to this Court's decision.

Defendant road commission also maintains that the trial court's decision violates Michigan public policy favoring lake access. However, this issue is not raised in the statement of questions presented. Review is therefore inappropriate. *Hammack v Lutheran Social Services of Michigan*, 211 Mich App 1, 7; 535 NW2d 215 (1995). Further, defendant road commission has failed to direct this Court's attention to pertinent authority regarding this issue. *Winiemko v Valenti*, 203 Mich App 411, 419; 513 NW2d 181 (1994). Therefore, we consider the issue abandoned.

Finally, we reject the position that a 1978 addition to the Subdivision Control Act, MCL 560.255b; MSA 26.430(255b), creates a presumption that land dedicated to public use shall be presumed to have been accepted under the facts of the present case. The statute provides that the presumption is rebutted by competent evidence that "the dedication, before the effective date of this act and before acceptance, was

withdrawn    by    the    plat    proprietor." MCL
560.255b(2)(a); MSA 26.430(255b)(2)(a). This statute
was enacted in 1978. Plaintiffs rebutted the presump-
tion by competent evidence that they withdrew the
dedication in 1970, which was before the effective
date of the statute and defendant Bay Township's
attempted acceptance of the dedication in 1979.

Affirmed.