# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. J. C. BUSICK, Minor.

UNPUBLISHED
July 28, 2016

No. 331304
Branch Circuit Court
Family Division
LC No. 15-005269-NA

Before: STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Respondent mother appeals as of right the January 5, 2016 order terminating her parental rights to the minor child under MCL 712A.19b(3)(a)(*ii*) (child has been deserted for 91 or more days and parent has not sought custody during that time) and (g) (failure to provide proper care and custody). We affirm.

Child Protective Services (CPS) became involved with respondent and the child after respondent and her husband left the child in a relative's care and left town to use drugs. There were also concerns raised that the relationship between respondent and her husband was physically abusive. While respondent was gone, the relative ran out of diapers and formula for the child, and was unable to reach respondent or her husband. Once they returned, respondent admitted that she had been using drugs. At the time, respondent was living with her grandmother. A petition was filed, and a preliminary hearing was held. The trial court released the child to respondent's care so long as she continued to reside in her grandmother's home and not have contact with her husband. Nevertheless, respondent eventually left her grandmother's home, and the child was removed.

Beginning on April 10, 2015, respondent's family lost contact with her, and her whereabouts were unknown. Respondent did not have contact with her caseworker until July 14, 2015. Thereafter, respondent maintained fairly consistent contact with her caseworker, while she moved around from place to place. Respondent participated in one parenting class and submitted to four drug screens, all of which were positive for marijuana. Though respondent's caseworker encouraged her to contact different treatment providers for substance abuse treatment and

-1-

individual counseling, respondent never engaged in any other services. Respondent also never visited the minor child after April 2015.[1]

A supplemental petition seeking termination of respondent's parental rights was filed on December 3, 2015. The termination hearing was held on January 4, 2016. After hearing testimony from respondent, her husband, and the caseworker, the trial court found that statutory grounds had been proven by clear and convincing evidence to terminate respondent's parental rights to the minor child. The trial court also found that termination was in the child's best interests. Respondent now appeals as of right.

Respondent first challenges the statutory grounds supporting termination of her parental rights. The trial court must find that at least one of the statutory grounds in MCL 712A.19b(3) has been met by clear and convincing evidence in order to terminate parental rights. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). We review the trial court's decision for clear error. *Id.* A finding is clearly erroneous if it leaves us with a definite and firm conviction that a mistake has been made. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009)

Respondent's parental rights were terminated under MCL 712A.19b(3)(a)(*ii*) and MCL 712A.19b(3)(g). Presuming, without deciding, that respondent did not desert the child pursuant to MCL 712A.19b(3)(a)(*ii*), we nevertheless conclude that the trial court did not clearly err in finding clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g). See *HRC*, 286 Mich App at 461 (stating that only one statutory ground is needed to terminate parental rights). Under MCL 712A.19b(3)(g), a trial court may terminate parental rights when it is proven by clear and convincing evidence that "[t]he parent, without regard to intent, fail[ed] to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." Respondent admitted to having a substance abuse problem, which she took no meaningful steps to rectify. Respondent also failed to have stable housing or gainful employment at any point during this proceeding. She exhibited no means of being able to provide for the minor child at the time of termination or within a reasonable time considering the child's age. Therefore, the trial court did not clearly err by terminating respondent's parental rights under MCL 712A.19b(3)(g).

Respondent nevertheless claims that termination of her parental rights pursuant to MCL 712A.19b(3)(g) was improper because the agency did not provide her with services to help her rectify her barriers to reunification. Respondent argues that the agency, by neglecting to help her, created a circumstance that ensured respondent's parental rights would be terminated. See *In re B and J*, 279 Mich App 12, 19; 756 NW2d 234 (2008). Respondent's argument is abandoned because she did not raise this claim in her statement of questions presented. *Marx v Dep't of Commerce*, 220 Mich App 66, 81; 558 NW2d 460 (1996). We have nevertheless reviewed respondent's argument and find it to be meritless. The agency made ample efforts to

---

[1] Pursuant to a court order, respondent could not have parenting time unless she tested negative for drugs.

-2-

help respondent engage in services that would rectify her barriers to reunification. Respondent failed to take advantage of these services and remain drug-free. Accordingly, she cannot now place blame on the agency for the circumstances that led to termination of her parental rights.

Next, respondent challenges the trial court's determination that termination of her parental rights was in the child's best interests. The trial court must find by a preponderance of the evidence that termination is in a child's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's decision for clear error. *HRC*, 286 Mich App at 459. Factors to be considered include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). Further, we may also consider whether it is likely "that the child could be returned to her parents' home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012).

The trial court did not clearly err in concluding that termination of respondent's parental rights was in the best interests of the child. Respondent was incapable of providing the child with any degree of stability or permanence at the time of termination. Respondent lacked stable housing, employment, and had not demonstrated that she could stay off drugs. Given respondent's history of noncompliance during this case and her failure to engage in or benefit from the recommended services, there is no indication that respondent could provide the permanence or stability the child deserved in the foreseeable future. *Id.*

Moreover, we reject respondent's argument that termination was not in the child's best interests because the child's current placement was not permanent. Any further delay in providing the child permanency by allowing respondent additional time to improve was not in the child's best interests. There is no indication of how long it would take respondent to resolve her issues, given that she had not started participating in many of the recommended services at the time of termination. Therefore, the trial court did not clearly err in making its best-interest determination.[2]

Finally, respondent argues that the trial court did not comply with MCR 3.977(H)(1) and (I)(3). We review this claim for plain error affecting respondent's substantial rights because she raises it for the first time on appeal. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

---

[2] Respondent argues that the trial court's findings pursuant to MCL 712A.19b(3)(j) (child will be harmed if returned to parent) demonstrate that termination was not in the child's best interests. The trial court found that clear and convincing evidence had not been presented to terminate respondent's parental rights on that ground. Respondent claims that termination could not be in the child's best interests when the evidence did not prove that the child would be harmed if returned to her care. Importantly, respondent's argument ignores that the trial court needed to find by *clear and convincing evidence* that statutory grounds existed to terminate her parental rights, *VanDalen*, 293 Mich App at 139, but it only needed to find by *a preponderance of the evidence*—a lesser standard—that termination was in the child's best interests, *Moss*, 301 Mich App at 90. Thus, respondent's argument is meritless.

First, MCR 3.977(H)(1), provides as follows:

(1) *Time*.

(a) Filing Petition. The supplemental petition for termination of parental rights may be filed at any time after the initial dispositional review hearing, progress review, or permanency planning hearing, whichever occurs first. [MCR 3.977(H)(1)(a).]

Respondent claims that the timing of the filing of the petition was improper based on this rule. Also, she argues that the trial court erred by failing to give permission to the agency to file the petition and by failing to change the permanency goal. We find each of these arguments to be meritless.

The timing of the filing of the termination petition complied with the requirements in MCR 3.977(H)(1). The termination petition was filed on December 3, 2015. An initial dispositional review hearing occurred on October 1, 2015. The court rule allows a petition to file a termination petition "*at any time*" after that initial dispositional review hearing. MCR 3.977(H)(1) (emphasis added). Further, respondent points to no legal authority supporting her position that requires the trial court to order the petitioner to initiate termination proceedings or change the permanency goal *before* the petitioner may file a termination petition. We also have found no authority suggesting that the timing of the filing of the petition was improper. Accordingly, respondent has not established plain error in this regard.

Next, MCR 3.977(I)(3) provides as follows:

(3) *Order of Termination*. An order terminating parental rights under the Juvenile Code may not be entered unless the court makes findings of fact, states its conclusions of law, and includes the statutory basis for the order.

Mother claims that the trial court violated MCR 3.977(I)(3) by failing to include the "statutory basis" for termination of her parental rights in its order. We disagree.

"Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1). Although the trial court did not explicitly state a specific citation to the statutory grounds supporting its decision to terminate, the trial court referenced the particular statutory language for each of the grounds when it delivered its opinion. Thus, the statutory bases supporting termination are completely evident from the trial court's findings.

Respondent also claims that the trial court failed to state the child's best interests in making its findings. The record refutes this claim. The trial court specifically stated that it was in the child's best interests to have a home that could provide her with stability and permanence. The trial court found that respondent could not provide such a home. These findings were sufficient to comply with the court rule, and respondent has not established plain error entitling

-4-

her to reversal of the termination order.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher